**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAYDEE STUART, individually and on behalf of all others similarly situated,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CADBURY ADAMS USA, LLC, a Delaware Corporation,<br><br>Defendant - Appellee. | No. 10-55638<br><br>D.C. No. 2:09-cv-06295-AHM-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted November 14, 2011[**]
Pasadena, California

Before:      W. FLETCHER and RAWLINSON, Circuit Judges, and
        SINGLETON, Senior District Judge.[***]

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

      [***]      The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for Alaska, Anchorage, sitting by designation.

Haydee Stuart appeals the district court's dismissal under Rule 12(b)(6) for failure to state a claim. Stuart also appeals the district court's denial of leave to amend her complaint. We have jurisdiction under 28 U.S.C. § 1291.

Stuart sued Cadbury Adams USA LLC ("Cadbury"), alleging that Cadbury's Trident White chewing gum packaging constitutes false and misleading advertising under California Business and Professions Code sections 17200, *et. seq.* (Unfair Competition Law) and 17500, *et. seq.* (false advertising law). Stuart also sought relief under the Consumer Legal Remedies Act, Cal. Civ. Code section 1750, *et seq.*, and for common law fraud.

The district court dismissed Stuart's claims, finding that they "defy common sense." We review dismissals for failure to state a claim under Rule 12(b)(6) *de novo*. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004). In evaluating a Rule 12(b)(6) motion, the complaint's allegations are assumed to be true and construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Nevertheless, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

Stuart's claims under California's consumer protections laws are evaluated under a "reasonable consumer" standard. *Williams v. Gerber Prods. Co.*, 552 F.3d

2

934, 938 (9th Cir. 2008) (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)).  Her fraud claim also requires her to show that Cadbury's advertisements would "mislead a reasonable person."  *Hill v. Roll Int'l Corp.*, 128 Cal Rptr.3d 109, 118 (Ct. App. 2011).

Stuart's complaint advances three theories to support her claim.  First, Stuart alleges that Cadbury's claim that Trident White both whitens teeth and removes stains is false and deceptive because Cadbury uses "whitens teeth" as a synonym for "removes stains."  We agree with the district court that because removing stains does cause teeth to appear whiter, this statement does not mislead the reasonable consumer.

Second, Stuart alleges that Cadbury's failure to tell consumers that Trident White only removes stains in conjunction with an oral hygiene program is deceptive.  Only an unreasonable consumer would be confused or deceived by Cadbury's failure to clarify that Trident White gum works only if consumers continue to brush and floss regularly.

Finally, Stuart alleges that the study Cadbury relied upon to show that Trident White removes stains was flawed and unreliable.  While Stuart's complaint does contain specific allegations concerning problems with one Cadbury study, materials attached as exhibits to the complaint make clear that the study with which

Stuart takes issue is not the one relied on by Cadbury for its advertising claims. *Cf. Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) ("When a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal was proper.").

We review decisions to deny leave to amend for abuse of discretion. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Id.* (internal quotation and citations omitted).

We cannot conceive of any amendment that would cure Stuart's allegations concerning the deceptive nature of Cadbury's claim that Trident White "whitens teeth" or of Cadbury's failure to make clear that its product only works with proper oral hygiene. Stuart has not provided any indication of additional claims that might question the reliability of the study relied on by Cadbury in its advertising claims.

**AFFIRMED.**