**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

NAKIA WILLIAMS, individually and
on behalf of all others similarly
situated; RITA TABIU,
            *Plaintiffs-Appellants,*

            v.

GERBER PRODUCTS COMPANY, a
Michigan corporation,
            *Defendant-Appellee.*

No. 06-55921

D.C. No.
CV-05-01278-JTM

ORDER DENYING
PETITION FOR
REHEARING EN
BANC AND
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted
February 7, 2008—Pasadena, California

Filed April 21, 2008
Amended December 22, 2008

Before: Harry Pregerson, Glenn L. Archer, Jr.,* and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Pregerson

---

*The Honorable Glenn L. Archer, Jr., Senior United States Circuit
Judge for the Federal Circuit, sitting by designation.

16629

**COUNSEL**

Harold M. Hewell, Hewell Law Firm, APC, San Diego, California, for the plaintiffs-appellants.

Bryan Merryman, Francisco Cabada, White & Case LLP, Los Angeles, California, for the defendant-appellee.

**ORDER**

The panel voted to deny the petition for rehearing and the petition for rehearing en banc. A judge of our court then called for a vote on whether to rehear this case en banc. The en banc call failed because a majority of the nonrecused active judges voted against en banc consideration. Fed. R. App. P. 35. Therefore, the petition for rehearing en banc is denied. Future petitions for panel rehearing and future petitions for rehearing en banc will not be entertained.

Furthermore, the Opinion filed on April 21, 2008, is hereby amended as follows:

Starting at the top of slip opinion page 4197, there are three sentences. Eliminate the first sentence entirely. Move the second sentence so that it follows the third sentence, so that the two sentences will remain at the top of page 4197. Those two sentences will now read as follows:

We do not think that the FDA requires an ingredient
list so that manufacturers can mislead consumers and
then rely on the ingredient list to correct those misin-
terpretations and provide a shield for liability for the
deception. Instead, reasonable consumers expect that
the ingredient list contains more detailed information
about the product that confirms other representations
on the packaging.

## OPINION

PREGERSON, Circuit Judge:

Named class members Nakia Williams and Rita Tabiu
("Appellants"), parents of small children, brought a class
action against Gerber Products Company ("Gerber"). An
amended complaint alleged that Gerber deceptively marketed
its "Fruit Juice Snacks" ("Snacks") a food product developed
for toddlers. The district court granted Gerber's motion to dis-
miss under Rule 12(b)(6). We have jurisdiction under 28
U.S.C. § 1291, and we reverse.

## I.  BACKGROUND

Appellants bought Gerber's Fruit Juice Snacks because
they sought healthy snacks for their children (ages two and
three) and because they trusted the Gerber name. Fruit Juice
Snacks are sold as part of Gerber's "Graduates for Toddlers"
product line. Appellants' amended complaint alleged eight
causes of action, including tort claims for misrepresentation
and breach of warranty, as well as claims under California's
Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et
seq., and California's Consumer Legal Remedies Act, Cal.
Civil Code § 1750 et seq. Appellants challenged five features
of the packaging used by Gerber to sell its Fruit Juice Snacks.[1]

---

[1]A copy of the packaging is included as an appendix to this opinion.

First, Appellants challenged the use of the words "Fruit Juice" juxtaposed alongside images of fruits such as oranges, peaches, strawberries, and cherries. Appellants contended that this juxtaposition was deceptive because the product contained no fruit juice from any of the fruits pictured on the packaging and because the only juice contained in the product was white grape juice from concentrate. Second, Appellants challenged a statement on the side panel of the packaging describing the product as made "with real fruit juice and other all natural ingredients," even though the two most prominent ingredients were corn syrup and sugar. Third, Appellants challenged a separate statement on the side panel; namely, that Snacks was "one of a variety of nutritious Gerber Graduates foods and juices." Fourth, Appellants challenged Gerber's decision to label the product a "snack" instead of a "candy," "sweet," or a "treat." Finally, Appellants alleged that the phrase "naturally flavored" did not comply with applicable type size requirements.[2]

Gerber filed a motion to dismiss under Rule 12(b)(6), which the district court granted. The district court found that Gerber's statements were not likely to deceive a reasonable consumer, particularly given that the ingredient list was printed on the side of the box and that the "nutritious" claim was non-actionable puffery. Appellants timely appealed.

---

[2]Appellants' amended complaint also alleged that after the original complaint was filed, Gerber changed the packaging to remove some of the allegedly deceptive representations. Gerber apparently changed the side panel to remove the word "nutritious" from the original statement that Snacks was "one of a variety of nutritious Gerber Graduates foods and juices" and shortened "made with real fruit juice and other all natural ingredients" to simply "made with real fruit juice." Gerber also changed the name of the product from "Fruit Juice Snacks" to "Fruit Juice Treats." Gerber denied that it made these changes as a result of the complaint. Regardless, these changes and the reasons for the changes are not relevant because this appeal concerns only the original packaging.

## II. STANDARD OF REVIEW

"A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007) (internal citations and quotation marks omitted).

## III. DISCUSSION

### A. Appellants' Deficient Opening Brief

[1] Gerber argues that this appeal should be dismissed with prejudice because of deficiencies in the opening brief. We have the discretion to dismiss appeals because of deficiencies in the briefs. *See N/S Corp. v. Liberty Mutual Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997) (dismissing appeal where brief omitted standard of review, contained only a handful of record citations, and exceeded the word limit, and where appellant did not respond to motion to dismiss); *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (dismissing appeal where brief failed to provide applicable standard of review, made virtually no legal argument, and lacked table of contents, table of authorities, citations to authority, and accurate citations to the record).

[2] Appellants' opening brief fails to comply with the rules of this circuit. The arguments are not well-developed or supported and there are multiple technical violations of the rules. Even where we have previously dismissed appeals because of deficient briefing, however, we have noted that "we would feel most uneasy if this were an otherwise meritorious appeal, which cried out for reversal of the district court's decisions." *N/S Corp.*, 127 F.3d at 1146. Here, we believe that Appellants' claim has merit. We have also received amicus briefs from the Center for Science in the Public Interest and from

the California Attorney General, which provide additional support for Appellants' legal arguments. We thus decline to exercise our discretion to dismiss the appeal.

## B.   Gerber's Preemption Argument

In Gerber's answering brief, it argues for the first time that some of Appellants' claims were preempted by the Federal Food Drug and Cosmetic Act ("FDCA"). Because Gerber did not argue this below, the district court did not address the issue, and we decline to decide this issue in the first instance based on arguments made in an answering brief, particularly where nothing in Appellants' complaint suggested that they were attempting to directly enforce violations of the FDCA.

## C.   The District Court's Decision to Grant the Motion to Dismiss

The district court granted Gerber's motion to dismiss all of Appellants' claims. On Appellants' statutory claims (under California's Unfair Competition Law and Consumer Legal Remedies Act), the district court found that the Snacks' packaging was "not likely to deceive a reasonable consumer as a matter of law." *Williams v. Gerber Products Co.*, 439 F.Supp.2d 1112, 1117 (S.D. Cal. 2006). It similarly dismissed the fraud and warranty claims, holding that "the challenged statements and images, viewed in context, are truthful or constitute non-actionable puffery." *Id.* at 1118.

[3] California's Unfair Competition Law ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. and Prof. Code § 17200. The false advertising law prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. and Prof. Code § 17500. " '[A]ny violation of the false advertising law . . . necessarily violates' the UCL." *Kasky v. Nike, Inc.* 27 Cal.4th 939, 950 (2002) (quoting *Comm. on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 210 (1983)). California's Consumer

Legal Remedies Act ("CLRA") prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770.

**[4]** Appellants' claims under these California statutes are governed by the "reasonable consumer" test. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) ("[T]he false or misleading advertising and unfair business practices claim must be evaluated from the vantage of a reasonable consumer." (citation omitted)); *Lavie v. Procter & Gamble Co.,* 105 Cal.App.4th 496, 506-07 (Cal.App. 2003) ("[U]nless the advertisement targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer.").

**[5]** Under the reasonable consumer standard, Appellants must "show that 'members of the public are likely to be deceived.' " *Freeman*, 68 F.3d at 289 (quoting *Bank of West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992)). The California Supreme Court has recognized "that these laws prohibit 'not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.' " *Kasky*, 27 Cal.4th at 951 (quoting *Leoni v. State Bar*, 39 Cal.3d 609, 626 (1985)).

**[6]** A district court should grant a motion to dismiss if plaintiffs have not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. *See also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1356 ("[T]he motion [to dismiss] is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case.").

**[7]** Here, the district court based its decision to grant the motion to dismiss solely on its own review of an example of

the packaging. It is true that "the primary evidence in a false advertising case is the advertising itself." *Brockey v. Moore*, 107 Cal.App.4th 86, 100 (Cal.App. 2003). California courts, however, have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer. *See e.g., Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal.App.4th 115, 134-35 (Cal.App. 2007) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer." (quoting *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1472 (Cal.App. 2006))); *Committee on Children's Television*, 35 Cal.3d at 197 (finding demurrer inappropriate in case where parents alleged deceptive advertising of sugar cereals).

Decisions granting motions to dismiss claims under the Unfair Competition Law have occasionally been upheld. For instance, in *Freeman v. Time Inc.*, 68 F.3d at 285, we upheld the dismissal of a challenge to a mailer that suggested the plaintiff had won a million dollar sweepstakes. There, we relied on the fact that the mailer explicitly stated multiple times that the plaintiff would only win the prize if he had the winning sweepstakes number. Thus, it was not necessary to evaluate additional evidence regarding whether the advertising was deceptive, since the advertisement itself made it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived.

**[8]** The facts of this case, on the other hand, do not amount to the rare situation in which granting a motion to dismiss is appropriate. Here, there are a number of features of the packaging Gerber used for its Fruit Juice Snacks product which could likely deceive a reasonable consumer. The product is called "fruit juice snacks" and the packaging pictures a number of different fruits, potentially suggesting (falsely) that those fruits or their juices are contained in the product. Further, the statement that Fruit Juice Snacks was made with

"fruit juice and other all natural ingredients" could easily be interpreted by consumers as a claim that all the ingredients in the product were natural, which appears to be false. And finally, the claim that Snacks is "just one of a variety of nutritious Gerber Graduates foods and juices that have been specifically designed to help toddlers grow up strong and healthy" adds to the potential deception.[3]

[9] The district court suggests that "no reasonable consumer upon review of the package as a whole would conclude that Snacks contains juice from the actual and fruit-like substances displayed on the packaging particularly where the ingredients are specifically identified." *Williams*, 439 F.Supp.2d at 1116. We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box. The ingredient list on the side of the box appears to comply with FDA regulations and certainly serves some purpose. We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging.

---

[3]Gerber's claim that Snacks is "nutritious," were it standing on its own, could arguably constitute puffery, since nutritiousness can be difficult to measure concretely. See *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc.,* 911 F.2d 242, 246 (9th Cir. 1990) (finding that statements are non-actionable puffery where they constituted "general assertions of superiority" rather than "factual misrepresentations"). This statement certainly contributes, however, to the deceptive context of the packaging as a whole. Given the context of this statement, we decline to give Gerber the benefit of the doubt by dismissing the statement as puffery. "It is not difficult to choose statements, designs, and devices which will not deceive." *United States v. Ninety-Five Barrels More or Less of Alleged Apple Cider Vinegar*, 265 U.S. 438, 443 (1924).

We reject Gerber's assertion that the district court concluded as an "alternate holding" that the product complied with FDA guidelines. The district court did note that it believed that "the FDA authorizes the way in which Gerber labels snacks." *Williams*, 439 F.Supp.2d at 1112. Contrary to Gerber's assertion, however, this was not an alternate holding but simply support for the conclusion that the product was not deceptive. Further, Gerber makes no argument as to how compliance with certain FDA regulations would automatically shield it from liability under these California statutes or tort claims.[4]

**[10]** In conclusion, we find that, given the opportunity, Appellants have stated a claim and could plausibly prove that a reasonable consumer would be deceived by the Snacks packaging. As such, the district court erred in concluding, without considering any evidence beyond the packaging itself, that Appellants' complaint failed to state a viable claim.[5]

## IV.   CONCLUSION

The district court erred in determining as a matter of law that the Snacks packaging was not deceptive. The decision of

---

[4]Compliance with FDA regulations may be relevant to a preemption argument. As we discussed above, however, we decline to address that issue in this appeal.

[5]We reject Gerber's argument that Appellants waived their tort claims on appeal. The district court's decision on the misrepresentation and breach of warranty claims rested on the conclusion that the packaging was truthful. Appellants challenged this conclusion. Although Appellants did not develop a distinct argument in their brief regarding their tort claims, detailed discussion of these claims is unnecessary where the district court's decision on the tort claims rested on the same grounds as the decision on the statutory claims. We therefore find that Appellants' failure to raise the issues in the opening brief did not prejudice Gerber. *See United States. v. Ullah,* 976 F.2d 509, 514 (9th Cir. 1992).

the district court is therefore **REVERSED**.

Judge Archer concurs in the result.

