**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN YOON, an individual on behalf of herself and on behalf of all those similarly situated,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>THE GAP, INC.,<br><br>Defendant - Appellee. | No. 09-55056<br><br>D.C. No. 2:08-cv-05712-R-JTL<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 4, 2010
Pasadena, California

Before: RYMER, WARDLAW and N.R. SMITH, Circuit Judges.

Susan Yoon appeals the district court's grant of summary judgment on her

claims arising out of an advertisement run by The GAP in May 2006 (the "Summer

Promotion"). Yoon pleaded five claims: (1) violation of California's Unfair

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Competition Law ("UCL"); (2) violation of California's False Advertising Law ("FAL"); (3) violation of California's Consumer Legal Remedies Act ("CLRA"); (4) common law fraud; and (5) breach of contract. The district court found that the Summer Promotion was neither objectively misleading nor deceptive and granted summary judgment in favor of The GAP on all the claims. We reverse and remand.

"[W]hether a business practice is deceptive will usually be a question of fact . . . ." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Because we cannot say that "[the Summer Promotion] itself ma[kes] it impossible for [Yoon] to prove that a reasonable consumer was likely to be deceived," *id.* at 939, we reverse and remand the district court's ruling that, as a matter of law, the Summer Promotion was neither misleading nor deceptive, *cf. Freeman v. Time, Inc.*, 68 F.3d 285, 289–90 (9th Cir. 1995). Accordingly, the summary judgment rulings on each of Yoon's claims are reversed and remanded. Further, the district court's evidentiary rulings, ruling on the motion for continuance, and other discovery rulings are now moot. Lastly, because the standing issue was not determined by the district court, but was argued on appeal as an alternative method of affirming the district court, we decline to address it in the first instance.

To help "preserve the appearance of justice" and because it would not "entail waste and duplication out of proportion to any gain in preserving the appearance of fairness," unusual circumstances exist and cause us to reassign this case to a different judge on remand. *California v. Montrose Chem. Corp.*, 104 F.3d 1507, 1521 (9th Cir. 1997) (citing *Smith v. Mulvaney*, 827 F.2d 558, 563 (9th Cir. 1987)). Upon remand, the Clerk of the United States District Court is instructed to assign this case to another district court judge.

**REVERSE AND REMAND.**