**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMICA ENTERPRISES LLC, an Illinois Limited Liability Company; et al.,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>MAIL BOXES ETC., INC., a Delaware corporation; et al.,<br><br>Defendants - Appellees. | No. 10-55433<br><br>D.C. No. 2:06-cv-02800-ODW-CT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted November 9, 2011
Pasadena, California

Before: SCHROEDER, REINHARDT, and MURGUIA, Circuit Judges.

Appellants, approximately 200 franchisees of "The UPS Store" franchise,

sued franchisor Mail Boxes Etc., Inc. ("MBE"), United Parcel Service ("UPS"),

and other UPS subsidiaries (collectively "Appellees"), alleging various state law

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

claims. The district court granted summary judgment in favor of Appellees on all of them. Appellants timely appealed. We affirm.

Appellants brought claims under the California Franchise Investment Law ("CFIL") and common law fraud and misrepresentation, alleging that MBE and UPS made untrue statements of material fact and omitted material facts from various communications made in connection with the offer and sale of the franchises and in connection with the conversion from the old franchise model to the new "The UPS Store" franchise model. Reasonable reliance is required under Cal. Corp. Code § 31300, the CFIL section imposing liability for misrepresentations made in franchise documents, as it requires that the damages to the franchisee be "caused []by" the misrepresentations. *See Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1092 (Cal. 1993); *Younan v. Equifax Inc.*, 169 Cal. Rptr. 478, 487 (Cal. Ct. App. 1980). Reasonable reliance is also required under Cal. Corp. Code § 31301, the CFIL section imposing liability for misrepresentations and omissions made in other communications related to the offer or sale of a franchise, as that section requires that the franchisee, "not knowing or having cause to believe that such statement was false or misleading," have "rel[ied] upon such statement." In a well-reasoned, but unpublished, district court opinion, Judge Margaret Morrow summarized the rule: CFIL "incorporate[s] the reasonable reliance requirement of

the common law." *California Bagel Co. v. American Bagel Co.*, 2000 WL 35798199, *1, *18-*21 (C.D. Cal. 2000) (unpublished).  Finally, it is well established that reasonable reliance is an element of common law fraud and misrepresentation claims.  *See City of Industry v. City of Fillmore*, 129 Cal. Rptr. 3d 433, 450 (Cal. Ct. App. 2011); *Wells Fargo Bank, N.A. v. FSI, Fin. Solutions, Inc.*, 127 Cal. Rptr. 3d 589, 600 (Cal. Ct. App. 2011).  Because Appellants have presented no evidence showing that they reasonably relied on any alleged untrue or misleading statement, Appellants' CFIL and common law claims fail.[1]

Appellants brought an additional CFIL claim under Cal. Corp. Code § 31125 for failure to register the amendment to the franchise agreement in connection with the California franchisees' conversion from the old franchise model to the new "The UPS Store" franchise model.  Appellees argued before the district court that the registration claim was barred by the one-year statute of limitations pursuant to Cal. Corp. Code § 31303.  Appellants failed to address the statute of limitations bar before the district court and, specifically, failed to oppose Appellees' motion for summary judgment that was based on the one-year provision.  Moreover, Appellants did not address this argument in their opening brief before this court.

---

[1] Because we find that Appellants' common law fraud and misrepresentation claims fail for lack of a showing of reasonable reliance, we need not decide whether the CFIL preempts these claims.

3

Arguments not raised in opposition to summary judgment or in the opening brief before this court are waived. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009) ("A party normally may not press an argument on appeal that it failed to raise in the district court."); *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 994-95 (9th Cir. 2009) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (internal quotation marks and citation omitted). Appellants therefore have waived any argument that their failure to register claim is not barred by the statute of limitations.

Appellants alleged that MBE breached its duty of "best efforts" under the franchise agreement to obtain incentives for franchisees. The undisputed facts establish that MBE engaged in several efforts to obtain improvements to incentives to franchisees but did so by means of oral persuasion. Appellants' contention that attempting to obtain these same improvements by means of written requests was necessary to meet the best efforts requirement is without authority or merit. Therefore, summary judgment on this claim was proper.

Appellants alleged that UPS breached the implied covenant of good faith and fair dealing in failing to increase the prices set under the carrier agreement with the franchisees. The district court found that the implied covenant claim was

4

preempted by the Federal Aviation Administration Authorization Act of 1994, which prohibits states from enacting or enforcing "a law, regulation, or other provision having the force and effect of law related to a price, route, or service of" carriers such as UPS. 49 U.S.C. § 14501(c)(1). Even if this claim was not preempted, however, it fails under state law. The implied covenant of good faith and fair dealing cannot be used to impose an affirmative duty to forbear enforcing the terms of the contract or to limit the ability of a party to do what is expressly authorized in the contract. *See Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 122 Cal. Rptr. 2d 267, 277 (Cal. Ct. App. 2002). That is what Appellants wished to do here – to impose on UPS a duty to offer better prices and incentives than those dictated by the agreement. Therefore, even if not preempted, summary judgment on the duty of good faith and fair dealing claim was proper.

Appellants brought claims under the California Unfair Competition Law ("UCL"), alleging that MBE and UPS engaged in fraudulent, unfair and unlawful business practices. "Appellants' claims under [the UCL] are governed by the 'reasonable consumer' test. . . . Under the reasonable consumer standard, Appellants must show that members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (internal quotation marks omitted). Here, Appellants presented no evidence that a

5

reasonable consumer would be deceived by the alleged fraudulent, unfair and unlawful business practices of MBE and UPS. Summary judgment on Appellants' UCL claims was therefore proper.

Appellants argue that the district court erred in failing to apply other states' "unwaivable" statutes, and in failing to apply Illinois law for franchisees with Illinois choice-of-law provisions in their franchise agreements. In addition, Appellants argue that the California choice-of-law provision, found in the majority of the franchise agreements, does not apply to pre-contract wrongs and that therefore the other states' statutes applied. As to the first argument, the district court found that Appellants' claims would fail even if the other states' statutes applied. Appellants have failed to show why this conclusion was erroneous. As to the second argument, the franchise agreements with California choice-of-law provisions provided that the agreements would be "governed and construed under and in accordance with" California law, which covers all contract claims, including pre-contract wrongs. *See Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1151-54 (Cal. 1992) (holding that the phrase "governed by" in a choice of law clause compels the "logical conclusion" that the parties "intended that law to apply to *all* disputes arising out of the transaction or relationship"). Therefore, the

district court did not err in applying the law of California to all of franchisees' claims.

The district court did not abuse its discretion in refusing to unseal the record. The district court found good cause to seal the record on Appellants' initial motion. Appellants then failed to provide adequate justification for unsealing the record, and failed to follow Central District of California Local Rule 79-5:3 regarding motions to unseal. The refusal to grant the motion to unseal the record was not an abuse of discretion.

The district court considered all of Appellants' arguments in opposition to Appellees' motion for summary judgment at the time of the first and second order, and was not required to restate its findings in rejecting Appellants' request for reconsideration of prior rulings.

The district court's grant of summary judgment in favor of Appellees on all claims is therefore **AFFIRMED**.