**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIRKO CARREA, on behalf of himself and those similarly situated, | No. 11-15263 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01044-JSW |
| v. | MEMORANDUM[*] |
| DREYER'S GRAND ICE CREAM, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted January 18, 2012
Irvine, California

Before: KOZINSKI, Chief Judge, WARDLAW and PAEZ, Circuit Judges.

Mirko Carrea ("Carrea") appeals the district court's dismissal of his Second

Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure

12(b)(6). The complaint alleges that Dreyer's Grand Ice Cream, Inc. ("Dreyer's")

violated four state consumer protection laws: (1) Unfair Competition Law, Cal.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Bus. and Prof. Code § 17200 *et seq.*; (2) False Advertising Law, Cal. Bus. and Prof. Code § 17500 *et seq.*; (3) California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; and (4) New York General Business Law § 349. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Rule 12(b)(6), and we affirm.

Carrea's claims regarding the "0g Trans Fat" statement, located on the front of Drumstick's packaging, are expressly preempted by the Federal Food, Drug and Cosmetic Act ("FDCA"), as amended by the Nutrition Labeling and Education Act ("NLEA"). 21 U.S.C. § 343-1(a)(5). The statement is an express nutrient content claim that the Federal Food and Drug Administration ("FDA") not only permits, 21 C.F.R. § 101.13(i)(3), but further instructs should mirror the Nutrition Facts panel, *see* 58 Fed. Reg. 44020, 44024-25 (Aug. 18, 1993) (stating that any discrepancy between a nutrient content claim and the Nutrition Facts panel would be "confusing to consumers, and this consequence is unintended"). Here, because Drumstick contains less than 0.5 grams of trans fat per serving, the Nutrition Facts panel must express this amount as zero. 21 C.F.R. § 101.9(c)(2)(ii). Accordingly, the same rule applies to the statement on the front of Drumstick's packaging. In essence, Carrea seeks to enjoin and declare unlawful the very statement that federal law permits and defines. Such relief would impose a burden through state law that

2

is not identical to the requirements under section 343(r). These claims are therefore expressly preempted. *See Degelmann v. Advanced Med. Optics, Inc.*, 659 F.3d 835, 840-42 (9th Cir. 2011).

Carrea's claims regarding the other statements on the front of Drumstick's packaging fare no better. It is implausible that a reasonable consumer would interpret "Original Sundae Cone," "Original Vanilla," and "Classic," to imply that Drumstick is more wholesome or nutritious than competing products. Notably, none of these phrases modify "recipe," "ingredients," "1928," or any other term that might suggest that the modern Drumstick is identical in composition to its prototype. Even were it so, the presence of "original" or "classic" ingredients alone does not plausibly imply that a product is more nutritious than other desserts. In addition, no reasonable consumer is likely to think that "Original Vanilla" refers to a natural ingredient when that term is adjacent to the phrase, "Artificially Flavored." Finally, it strains credulity to claim that a reasonable consumer would be misled to think that an ice cream dessert, with "chocolate coating topped with nuts," is healthier than its competitors simply by virtue of these "Original" and "Classic" descriptors. In sum, we conclude that Carrea's state law claims fail to satisfy the "reasonable consumer" standard in *Williams v. Gerber Prods. Co.*, 552

F.3d 934, 938 (9th Cir. 2008).  Dismissal of these claims with prejudice was therefore proper.

The judgment of the district court is **AFFIRMED**.