**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN EDMUNDSON, on behalf of himself, all others similarly situated and the general public,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant - Appellee. | No. 11-56664<br><br>D.C. No. 3:10-cv-02256-IEG-NLS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted August 7, 2013[**]
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Ryan Edmundson filed a putative class action against the Procter & Gamble Company ("P&G"), which manufactures, markets, and sells "Fusion Power" and "Fusion Manual" shaving handles and razor cartridges. Edmundson alleged that P&G engaged in false advertising for these products in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200-10, and Consumer Legal Remedies Act, Cal. Civ. Code § 1770. The district court dismissed Edmundson's action for failure to state a claim.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's dismissal de novo, and construing all allegations in Edmundson's favor, *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008), we affirm. We have considered the packaging of the Fusion Power and Fusion Manual cartridges because Edmundson's complaint "necessarily relies" on that packaging, and the parties do not dispute the authenticity of the reproductions in the record. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted).

1.      Specific, quantifiable "statements of fact" that refer to a product's absolute characteristics may constitute false advertising, while general, subjective, unverifiable claims are "mere puffery" that cannot. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008). P&G's claim that the blades in Fusion Power cartridges "have a patented blade coating for incredible comfort"

2

is not a message that those cartridges are superior to Fusion Manual cartridges, and, in any event, is non-actionable puffery because it is general, subjective, and cannot be tested. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) ("[A]dvertising which merely states in general terms that one product is superior is not actionable." (quotation marks omitted)); *cf. Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997) (company's advertisement that its slow-growing grass required "50% Less Mowing" was an actionable statement of fact); *Sterling Drug, Inc. v. FTC*, 741 F.2d 1146, 1151–53 (9th Cir. 1984) (company's claim that its brand of aspirin was consistently better than other brands "for purity, stability, and speed of disintegration" was properly determined not to be puffery). Any superiority message conveyed by the names and color coding P&G uses for the two types of cartridges, or by the fact that P&G charges more for Fusion Power cartridges, is even less specific and verifiable.

2.     Edmundson's counter-arguments lack merit. First, the district court did not create a new standard for puffery, but rather properly held that a claim must be sufficiently specific, either by reference to particular product characteristics or "criteria for measuring a 'better' shave," such that the claim can be tested. *See Newcal Indus.*, 513 F.3d at 1053 (an actionable statement is one "that is

3

quantifiable, that makes a claim as to the 'specific or absolute characteristics of a product'" (quoting *Cook, Perkiss & Liehe*, 911 F.2d at 246)).

Second, the district court's two dismissal orders, considered together, make clear that the court considered P&G's advertising in its entirety.

Third, even assuming P&G's advertising does convey the message that Fusion Power cartridges are generally superior to Fusion Manual cartridges, the advertising does not, contrary to Edmundson's allegations, assert superiority in terms of the specific attributes of closeness, comfort, irritation and pressure. Rather, the packaging for Fusion Power cartridges says only that the blades in the cartridges "have a patented bladed coating for incredible comfort"; phrases such as "less irritation," "more comfort" and "reduce[d] pressure" are found on the packaging for *all* Fusion cartridges, and are a comparison between Fusion cartridges and P&G's "MACH3" cartridges, not between Fusion Power and Fusion Manual cartridges. Similarly, nowhere does the packaging claim that Fusion Power blades are more comfortable "vs. Fusion Manual" blades.

**3.**    The district court properly dismissed Edmundson's claim that P&G falsely advertised the compatibility of Fusion Power and Fusion Manual cartridges with different shaving handles. In his amended complaint, Edmundson expressly predicated that claim on his non-actionable superiority claim.

4

**AFFIRMED.**