**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HAROLD HOLMES, an individual, on his own behalf and on behalf of all others similarly situated,

Plaintiff - Appellant,

v.

NCO FINANCIAL SERVICES, INC and DOES, 1-100, inclusive,

Defendants - Appellees.

No. 11-56969

D.C. No. 3:10-cv-02543-H-RBB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted August 8, 2013
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and GEORGE, Senior District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Lloyd D. George, Senior District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

Harold Holmes appeals the district court's grant of summary judgment in favor of NCO Financial Systems, Inc. ("NCO") on his class action claim. Holmes alleges that NCO violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1601 *et. seq.*, and California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25, by reporting accounts to a credit reporting agency without noting that the accounts were disputed. We have jurisdiction under 28 U.S.C. § 1291. We reverse the district court's grant of summary judgment and remand for further proceedings.

The FDCPA provides that a debt collector may not communicate "to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). The CCRAA prohibits any person from furnishing information "to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). "The statutory term 'should have known' imparts a test of reasonableness." *Schultz v. Dep't of Army*, 886 F.2d 1157, 1160 (9th Cir. 1989) (interpreting federal statute of limitations for quiet title actions); *see also Rost v. United States*, 803 F.2d 448, 451 (9th Cir. 1986) (explaining that under California tort law, constructive knowledge is measured by what a "reasonable man under the same or similar circumstances"

would have known).  The critical question under both statutes is thus whether a reasonable debt collector in NCO's position would have known that Holmes's account was disputed.

The district court erred by holding that there was no triable dispute of material fact as to whether NCO should have known that Holmes disputed his debt. The parties agree that NCO was the last of a series of four debt collectors to handle Holmes's account.  Holmes disputed his debt while it was placed with an earlier debt collector, which recorded the dispute on the web portal system ("Oasis") used by the debt collectors to relay information about accounts.  Although NCO should have had access to information provided by the earlier debt collectors, because of a coding error, it did not.  NCO asserts that it did not know that it lacked access until after Holmes filed suit.

Holmes adduced evidence that NCO had no access to information provided by predecessor debt collection agencies when it reported his account, and that after Holmes filed this suit, NCO discovered the limitation and remedied the error in less than a week.  This evidence supports an inference that had NCO clicked on the applicable button on the Oasis interface, it would have discovered that its access to essential information was blocked and needed to be restored before NCO could report the account to a credit reporting agency.  Viewing all the evidence in the

3

light most favorable to Holmes, a trier of fact could conclude that a reasonable debt collector in NCO's position should have known that Holmes's account was disputed.

NCO also argues that the claims that Holmes brought under Cal. Civ. Code § 1785.25(a) are properly construed as arising under Cal. Civ. Code § 1785.25(c), which, it argues, is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2. Because NCO presented its preemption argument for the first time on appeal, it has waived this argument, and we decline to address it. *See, e.g.*, *Brannon v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1266 (9th Cir. 1997) (explaining that "only preemption issues affecting the choice of forum and thus raising questions of the court's jurisdiction may be raised for the first time on appeal"); *see also Williams v. Gerber Products Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (specifically declining to address preemption arguments raised for the first time in the defendant-respondent's answering brief).

**REVERSED; REMANDED.**