

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE CHERAMIE, individually and on behalf of all others similarly situated, | No. 12-55148 |
| Plaintiff-Appellant, | D.C. No. 2:11-CV-06549-R-AJW |
| v. | |
| HBB, LLC, a Tennessee limited liability company, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 11, 2013
Pasadena, California

Before:    KLEINFELD and CHRISTEN, Circuit Judges and SEDWICK,
District Judge.**

_____

        *This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3(a).

        **The Honorable John W. Sedwick, Senior United States District Judge for the District of Alaska, sitting by designation.

Plaintiff-Appellant Lee Cheramie ("Cheramie") appeals the district court's dismissal, without leave to amend, of his diversity class action against Defendant-Appellee HBB, LLC ("HBB") pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. We review the dismissal of Cheramie's claims de novo. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1102 (9th Cir. 2008).

Cheramie's complaint alleges that HBB failed to inform consumers about the serious side effects stemming from the excessive quantity of melatonin in HBB's Lazy Cakes product, and thus alleges that he was misled by HBB into buying an unsafe product that he otherwise would not have bought, causing him economic damage, in violation of various California statutes that prohibit deceptive advertising and unfair business practices. The reasonable consumer standard applies to Cheramie's statutory claims, *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008), and forecloses them, for his complaint makes it impossible for him to demonstrate that a reasonable consumer was "likely to be deceived" by the Lazy Cakes product in the manner alleged, *id.* at 938-39. The complaint alleges that the Lazy Cakes packaging describes the product as a relaxation agent, discloses the presence and quantity of melatonin in each serving and the relevant serving size, and warns consumers about the risk of drowsiness. More tellingly, he admits that research regarding the safety and side effects of

2

melatonin consumption and the proper dosage is inconsistent and inconclusive. Under the facts as alleged, Cheramie has not stated a plausible claim of deception. Cheramie's statutory claims were properly dismissed under Rule 12(b)(6).

Cheramie's common law claims were also properly dismissed. For the reasons articulated above, Cheramie fails to adequately plead the necessary element of misrepresentation or nondisclosure needed to support a fraud or fraudulent concealment claim. *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990, 22 Cal. Rptr. 3d 352, 359 (2004) (stating that the elements of a fraud claim include a showing of a false representation, concealment, or nondisclosure); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1132-33 (N.D. Cal. 2010) (citing *Hahn v. Mirda*, 147 Cal. App. 4th 740, 748, 54 Cal. Rptr. 3d 527, 532 (Ct. App. 2007)) (noting that under California law a fraudulent concealment claim must include an allegation that defendant intentionally concealed or suppressed a material fact with the intent to defraud consumers). As to his negligent misrepresentation claim, Cheramie fails to allege any affirmative representations by HBB. *Mitsui O.S.K. Lines, Ltd. v. SeaMaster Logistics, Inc.*, 913 F. Supp. 2d 780, 789 (N.D. Cal. 2012) (citing *Lopez v. Nissan N. Am., Inc.*, 201 Cal. App. 4th 572, 596, 135 Cal. Rptr. 3d 116, 136 (Ct. App. 2011)) (holding that a negligent misrepresentation claim under

3

California law requires an affirmative representation and cannot be based on nondisclosures).

The law concerning unjust enrichment in California is unclear. *See, e.g., Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1099–1101 (N.D. Cal. 2006). The weight of authority indicates that "[u]njust enrichment is not a cause of action, just a restitution claim." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307, 128 Cal. Rptr. 3d 109, 118 (Ct. App. 2011). A claim for restitution may be recognized in the absence of a valid express contract, such as when a contract "is unenforceable or ineffective for some reason" or when a quasi-contract is implied in law. *McBride v. Boughton*, 123 Cal. App. 4th 379, 388, 20 Cal. Rptr. 3d 115, 121–22 (Ct. App. 2004). But here, Cheramie cannot plead this theory because he does not dispute that a valid contract was formed. *See, e.g., Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388, 137 Cal. Rptr. 3d 293, 330-31 (Ct. App. 2012); *Chapman v. Skype Inc.*, No. B241398, 2013 WL 5502960, at *8–9 (Cal. Ct. App. Oct. 4, 2013).

The district court denied Cheramie's request for leave to amend. We review the denial for abuse of discretion. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Here, the district court provided no explanation for denying the request to amend. Such a denial is subject to reversal for abuse of

4

discretion. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). In the absence of an explanation, it is not otherwise apparent to this court that amendment would be futile. *See Roth v. Garcia Marquez*, 942 F.2d 617, 628-29 (9th Cir. 1991) (noting that when it is readily apparent that an amendment would be futile, the district court need not state its reasons for denying leave to amend). On remand Cheramie should be allowed an opportunity to file an amended complaint, for it may be possible for him to allege facts sufficient to state a claim for relief under California law that would survive a motion to dismiss.

**AFFIRMED in part, REVERSED in part, and REMANDED. Each party shall bear its own costs on appeal.**

*Lee Cheramie v HBB, LLC, 12-55148*
KLEINFELD, Senior Circuit Judge, concurring:

I agree that we should affirm the dismissal and remand with leave to amend. I write separately only to clarify one proposition. Cheramie may be able to plead that the defendant sold a sleep aid while falsely marketing it as a relaxation aid. That may be a good claim under state law.[1]

Sleep and relaxation are different. People may relax by playing golf, paddling a canoe, or having cocktails with friends. Nobody sleeps while swinging a club or paddling a canoe, and ideally guests do not retire for a nap at a cocktail party. Melatonin is a hormone the body secretes, and the brownies contain, to promote sleep.

The reason I concur in the dismissal is that I am not entirely sure what Cheramie has pleaded, because the complaint is not "simple, concise, and direct" as required by Federal Rule of Civil Procedure 8(d). The complaint contains implausible allegations about the dangerous and "life threatening" side effects of the brownies. I cannot tell whether Cheramie is pleading that a sleep aid was sold deceptively as a relaxation aid, or that the melatonin brownies are dangerous to health and are not labeled as such. The facts pleaded would not support the latter

---

[1] California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; California False Advertising Law, Cal. Bus. § Prof. Code § 17500; and California Consumers Legal Remedies Act, Cal. Civ. Code § 1770.

claim.

Accordingly, I concur.