MEMORANDUM **
Plaintiff-Appellant Lee Cheramie (“Cheramie”) appeals the district court’s dismissal, without leave to amend, of his diversity class action against Defendant-Appellee HBB, LLC (“HBB”) pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. We review the dismissal of Cheramie’s claims de novo. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1102 (9th Cir.2008).
Cheramie’s complaint alleges that HBB failed to inform consumers about the serious side effects stemming from the excessive quantity of melatonin in HBB’s Lazy Cakes product, and thus alleges that he was misled by HBB into buying an unsafe product that he otherwise would not have bought, causing him economic damage, in violation of various California statutes that prohibit deceptive advertising and unfair business practices. The reasonable consumer standard applies to Cheramie’s statutory claims, Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir.2008), and forecloses them, for his complaint makes it impossible for him to demonstrate that a reasonable consumer was “likely to be deceived” by the Lazy Cakes product in the manner alleged, id. at 938-39. The complaint alleges that the Lazy Cakes packaging describes the product as a relaxation agent, discloses the presence and quantity of melatonin in each serving and the relevant serving size, and warns consumers about the risk of drowsiness. More tellingly, he admits that research regarding the safety and side effects of melatonin consumption and the proper dosage is inconsistent and inconclusive. Under the facts as alleged, Chera-mie has not stated a plausible claim of deception. Cheramie’s statutory claims were properly dismissed under Rule 12(b)(6).
Cheramie’s common law claims were also properly dismissed. For the reasons articulated above, Cheramie fails to adequately plead the necessary element of misrepresentation or nondisclosure needed to support a fraud or fraudulent concealment claim. Robinson Helicopter Co. v. Dana Corp., 34 Cal.4th 979, 990, 22 Cal.Rptr.3d 352, 359, 102 P.3d 268 (2004) (stating that the elements of a fraud claim include a showing of a false representation, concealment, or nondisclosure); Tietsworth v. Sears, 720 F.Supp.2d 1123, 1132-33 (N.D.Cal.2010) (citing Hahn v. Mirda, 147 Cal.App.4th 740, 748, 54 Cal.Rptr.3d 527, 532 (Ct.App.2007)) (noting that under California law a fraudulent concealment claim must include an allegation that defendant intentionally concealed or suppressed a material fact with the intent to defraud consumers). As to his negligent misrepresentation claim, Cheramie fails to allege any affirmative representations by HBB. Mitsui O.S.K. Lines, Ltd. v. Sea-Master Logistics, Inc., 913 F.Supp.2d 780, 789 (N.D.Cal.2012) (citing Lopez v. Nissan N. Am., Inc., 201 Cal.App.4th 572, 596, 135 *628 Cal.Rptr.3d 116, 136 (Ct.App.2011)) (holding that a negligent misrepresentation claim under California law requires an affirmative representation and cannot be based on nondisclosures).
The law concerning unjust enrichment in California is unclear. See, e.g., Nordberg v. Trilegiant Corp., 445 F.Supp.2d 1082, 1099-1101 (N.D.Cal.2006). The weight of authority indicates that “[ujnjust enrichment is not a cause of action, just a restitution claim.” Hill v. Roll Int’l Corp., 195 Cal.App.4th 1295, 1307, 128 Cal.Rptr.3d 109, 118 (Ct.App.2011). A claim for restitution may be recognized in the absence of a valid express contract, such as when a contract “is unenforceable or ineffective for some reason” or when a quasi-contract is implied in law. McBride v. Boughton, 123 Cal.App.4th 379, 388, 20 Cal.Rptr.3d 115, 121-22 (Ct.App.2004). But here, Cheramie cannot plead this theory because he does not dispute that a valid contract was formed. See, e.g., Klein v. Chevron U.S.A., Inc., 202 Cal.App.4th 1342, 1388, 137 Cal.Rptr.3d 293, 330-31 (Ct.App.2012); Chapman v. Skype Inc., 220 Cal.App.4th 217, 232-34, 162 Cal.Rptr.3d 864, 876-78 (Cal.Ct.App.2013).
The district court denied Chera-mie’s request for leave to amend. We review the denial for abuse of discretion. Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir.1987). Here, the district court provided no explanation for denying the request to amend. Such a denial is subject to reversal for abuse of discretion. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.2003). In the absence of an explanation, it is not otherwise apparent to this court that amendment would be futile. See Roth v. Garcia Marquez, 942 F.2d 617, 628-29 (9th Cir.1991) (noting that when it is readily apparent that an amendment would be futile, the district court need not state its reasons for denying leave to amend). On remand Cheramie should be allowed an opportunity to file an amended complaint, for it may be possible for him to allege facts sufficient to state a claim for relief under California law that would survive a motion to dismiss.
AFFIRMED in part, REVERSED in part, and REMANDED. Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3(a).