**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUARDO LARIN, on behalf of himself and all others similarly situated,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>BANK OF AMERICA, NA,<br><br>        Defendant - Appellee. | No. 12-57288<br><br>D.C. No. 3:09-cv-01062-DMS-JMA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted May 8, 2015
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Eduardo Larin appeals the district court's dismissal of his putative class

action complaint for failure to state a claim under Rule 12(b)(6) of the Federal

Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291.

Reviewing dismissal on Rule 12(b)(6) grounds de novo, *Dougherty v. City of*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Covina*, 654 F.3d 892, 897 (9th Cir. 2011), and denial of leave to amend for abuse of discretion, *Salameh v.Tarsadia Hotel*, 726 F.3d 1124, 1129, 1133 (9th Cir. 2013), we affirm.

1.  Larin's claims under the Consumer Legal Remedies Act, Unfair Competition Law, and False Advertising Law are evaluated under a "reasonable consumer standard" by which he must "show that members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (internal quotation marks omitted).  Larin alleges no affirmative misrepresentations in connection with Bank of America's overdraft protection program ("ODP") that would likely deceive a reasonable consumer.  The statements concerning the benefits of ODP are qualified, and Bank of America disclosed that its general policy is "to provide availability of deposited funds next-day," though there is always a "risk that a deposited check may not clear."  Larin deposited a $7,500 check, and the balance was made available to him by the next day.  When the check failed to clear, under the terms of ODP, Bank of America covered payments made against that check with Larin's linked credit card account and charged him agreed-upon credit card fees.  While Larin argues that enrollment in ODP increased his risk of incurring fees because Bank of America would have otherwise held his deposit up to eleven business days, the allegations in the

2

complaint demonstrate that ODP worked in the manner disclosed in the Deposit Agreement. Therefore, there were no affirmative misrepresentations that support Larin's claims.

2. The district court did not abuse its discretion in dismissing this case with prejudice, given Larin's multiple opportunities for amendment. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

**AFFIRMED.**