IKUTA, Circuit Judge,
dissenting:
California courts have been extremely generous to plaintiffs bringing claims under the “fraudulent prong” of California’s Unfair Competition Law (UCL), which prohibits any “fraudulent business act or practice.” Cal. Bus. & Prof.Code § 17200. Unlike a plaintiff bringing a claim of common law fraud, a party bringing a UCL fraud claim need not allege that the defendant’s actions were “actually false, known to be false by the perpetrator and reasonably relied upon by a victim who incurs damages.” Morgan v. AT & T Wireless Servs., Inc., 177 Cal.App.4th 1235, 1255, 99 Cal.Rptr.3d 768 (2009) (quoting In re Tobacco II Cases, 46 Cal.4th 298, 312, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009)). Rather, the plaintiff need merely allege that the defendant engaged in a business practice “that is likely to deceive members of the public.” Id. Unless the court can say “as a matter of law that contrary to the complaint’s allegations, members of the public were not likely to be deceived or misled” by the defendant’s representations, the plaintiff has stated a cause of action. Id. at 1257, 99 Cal.Rptr.3d 768 (quoting Day v. AT & T Corp., 63 Cal.App.4th 325, 333, 74 Cal.Rptr.2d 55 (1998)).
In the complaint before us, Tomek alleges that Apple advertised the MacBook Pro as suitable for certain processor-intensive tasks, such as “high performance gaming, pro video editing and graphic intensive applications.” Apple calls these representations mere puffery and points to disclaimers in'its advertising. But, contrary to the majority’s analysis, Maj. Op. at 714 n. 1, even puffery is actionable under the UCL fraudulent prong so long as it could deceive a reasonable consumer. Morgan, 177 Cal.App.4th at 1255-56, 99 Cal.Rptr.3d 768; Williams v. Gerber Products Co., 552 F.3d 934, 939 n. 3 (9th Cir.2008) (noting that even statements constituting puffery on their own cannot be dismissed when they contribute to the deceptive context as *715 a whole).[1] And we have long held that a defendant’s disclaimers do not per se defeat a claim that the public may be deceived, see Williams v. Gerber, 552 F.3d at 939-940. Tomek’s complaint further alleges that the MacBook Pro is unsuitable for these processor-intensive tasks, because its 85-watt adapter is insufficient to power, without dramatically slowing or shutting itself down, the power-intensive applications that Apple represents the computer performs faster and more efficiently than its predecessors. Finally, the complaint alleges that Apple’s representations were likely to deceive the public, citing to consumers’ complaints about the MacBook’s battery life.
Because Tomek has plausibly alleged that Apple engaged in a business practice “that is likely to deceive members of the public,” Morgan, 177 Cal.App.4th at 1255, 99 Cal.Rptr.3d 768, he has succeeded in stating a claim under the fraudulent prong of the UCL. In holding otherwise, the majority erroneously requires Tomek to allege that Apple “was aware of the unfair practice at the time of sale,” Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145-46 (9th Cir.2012), see Maj. Op. at 713-14, but the UCL fraudulent prong has no such requirement, see Morgan, 177 Cal.App.4th at 1255, 99 Cal.Rptr.3d 768. I would therefore reverse the district court’s order granting Apple’s motion to dismiss this claim for failure to state a claim.

. The majority’s reliance on Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 245-46 (9th Cir.1990), is misplaced. Because that case considered "puffery” in the context of a Lanham Act claim, it sheds no light on California's interpretation of the UCL fraudulent prong.