CHRISTEN, Circuit Judge,
dissenting in part:
I write separately because I conclude that the label on the carton of this product could deceive reasonable consumers into thinking that Bud Light Lime Lime-a-Rita is a “light” beverage. In fact, in my view that result is likely because the most natural comparison is between Bud Light Lime Lime-a-Rita and Bud Light Lime. If those two products are compared, Bud Light Lime has far fewer calories and carbohydrates. I do not agree that reasonable consumers would compare Bud Light Lime Lime-a-Rita with “Budweiser Lime-a-Rita” or with a margarita; the former does not exist and the latter is made with tequila— and is decidedly not a malt beverage.
Reasonable consumers buying Bud Light Lime Lime-a-Rita- could be misled by the “light” label on the packaging because the calorie and carbohydrate counts of Lime-A-Ritas only exist in small print on the side of the cans and this information is not visible to a shopper looking at the outside of the cartons. See Williams v. Gerber Products Co., 552 F.3d 934, 949 (9th Cir. 2008) (“We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.”). I agree with my colleagues that plaintiffs did not adequately plead facts showing an express warranty claim, but I would hold the plaintiffs adequately pleaded misrepresentation and omission claims and would reverse the district court’s dismissal of plaintiffs’ complaint.