NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLIVER NAIMI; THOMAS WESSEL, individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> STARBUCKS CORPORATION, et al., <br><br> Defendants-Appellees. | No.  18-55975 <br><br> D.C. No. 2:17-cv-06484-VAP-GJS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted December 10, 2019
Pasadena, California

Before:  N.R. SMITH and WATFORD, Circuit Judges, and HELLERSTEIN,**
District Judge.

Oliver Naimi and Thomas Wessel (Plaintiffs) brought a putative class action

against Starbucks Corporation and related entities (collectively, Starbucks)

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

asserting claims under California and New York consumer protection statutes and common law. The district court granted Starbucks' motion to dismiss, holding that Plaintiffs failed to allege that Starbucks' "Doubleshot Espresso" product label makes a false representation. On appeal, we decide only whether Plaintiffs' claims are sufficiently plausible to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). We reverse, as Plaintiffs have plausibly alleged that a reasonable consumer would likely be deceived by the product's label. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Marcus v. AT&T Corp.*, 138 F.3d 46, 63–64 (2d Cir. 1998).

First, Plaintiffs have plausibly alleged that the product's label conveys the implied representation that each can of the beverage contains two shots of espresso brewed from the same beans Starbucks uses in its cafés. The canned beverage is labeled "Starbucks Doubleshot Espresso" and features the familiar Starbucks logo. During the relevant period, Starbucks used the same espresso roast in all of its espresso beverages worldwide. In addition, Plaintiffs alleged that a national survey of 400 consumers of the canned beverage found that 89% of them believed that it contains two shots of Starbucks brand espresso. Contrary to the district court's conclusion, Plaintiffs were not required to allege additional details concerning the contents and reliability of the survey in order for the allegations concerning the

survey's results to be credited as true at the motion-to-dismiss stage. *See Williams*, 552 F.3d at 937.

Second, Plaintiffs have plausibly alleged that the canned beverage contains less than two shots of Starbucks brand espresso, thus rendering the label's implied representation false. Plaintiffs conducted laboratory testing that compared the caffeine content of 20 cans of the canned beverage to the caffeine content of 20 samples of two shots of espresso purchased at multiple Starbucks locations. According to the complaint, the tests revealed that, on average, two shots of espresso purchased at a Starbucks café contained 136.3 mg of caffeine, whereas the canned beverage contained only 120 mg of caffeine. Plaintiffs further alleged that, based on an independently conducted statistical analysis, the difference in caffeine content was statistically significant.

These allegations, which must be accepted as true at this stage of the litigation, plausibly suggest that the canned beverage does not contain two shots of Starbucks brand espresso. Plaintiffs contend that caffeine content is a reasonable proxy for quantity of espresso in this context, given that the espresso contained in the canned beverage is represented to be brewed from the same beans used to make the espresso provided in Starbucks cafés.

Starbucks argues that the difference in caffeine content is attributable to differences in the processes used to brew the espresso contained in the canned

beverage as opposed to the espresso brewed in its cafés. But the validity of that alternative explanation is far from obvious, and when "there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss . . . [unless] defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). If Starbucks' explanation for the difference in caffeine content is accurate, it will need to be proved.

As an alternative ground for dismissing Plaintiffs' claims arising under New York General Business Law §§ 349–350, the district court held that Plaintiffs failed to plead a cognizable theory of injury, as required under those statutes, because they pleaded a flawed "deception-as-injury" theory. Under New York law, a plaintiff's allegation that she would not have purchased a product but for a deceptive act, standing alone, is not a cognizable injury because it conflates the deceptive act with the injury. *See Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 898 (N.Y. 1999). Instead, a plaintiff must show that she did not receive the full value of her purchase, by alleging (for instance) that she paid a price premium due to the deception. *See Izquierdo v. Mondelez Int'l Inc.*, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016).

The complaint alleged that Plaintiffs paid a price premium for the canned beverage.  That said, Plaintiffs did not allege how much they paid for the beverage, how much they would have paid for it absent the alleged deception, whether Starbucks (as opposed to a third-party distributor) was responsible for any overpayment, or any other details regarding the price premium.  The bare recitation of the word "premium" does not adequately allege a cognizable injury.  *Id.* Because it is not clear that amendment would be futile, Plaintiffs should be afforded an opportunity on remand to amend their complaint to allege the necessary factual details concerning the alleged price premium they paid.

**REVERSED and REMANDED.**