Frank **ORTEGA** and Troy **Lambert**, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**NATURAL BALANCE, INC.**, a Delaware Corporation, and Nutraceutical Corp., a Delaware Corporation, and Nutraceutical International Corp., a Delaware Corporation, Defendants.

**No. CV 13–5942 ABC (Ex).**

United States District Court, C.D. California, Western Division.

Signed June 19, 2014.

Alexis Marie Wood, Beatrice Skye Resendes, Ronald A. Marron, Kas Larene Gallucci, Law Offices of Ronald A. Marron APLC, Gregory S. Weston, Melanie Rae Persinger, Paul K. Joseph, The Weston Firm, San Diego, CA, for Plaintiffs.

Andra Barmash Greene, Christopher D. Vieira, Irell & Manella LLP, Newport Beach, CA, for Defendants.

## ORDER **GRANTING** PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

AUDREY B. COLLINS, District Judge.

Pending before the Court is a Motion for Class Certification ("Motion," docket no. 65) filed by Plaintiffs Frank Ortega and Troy Lambert ("Plaintiffs"). Defendant Nutraceutical Corporation[1] ("Defendant") filed an Opposition and Plaintiffs filed a Reply. The Court heard oral argument on June 16, 2014. The Court **GRANTS** the Motion.

---

1. Plaintiffs named two other Defendants who joined in Nutraceutical Corp.'s Opposition, but prior to issuing this Order, the Court dismissed

## I. BACKGROUND

This consumer class action concerns a product called Cobra Sexual Energy ("Cobra"), a dietary supplement containing various herbs, extracts, and other plant-based materials. Plaintiffs contend that Defendant "falsely market[s] [Cobra] as having beneficial health and aphrodisiac properties and being scientifically formulated to improve virility, despite that none of the ingredients in Cobra, individually or in combination, provide such benefits." Second Amended Complaint ("SAC," docket no. 56) ¶ 1. Based on the foregoing Plaintiffs assert the following claims against Defendant:

- Violation of the Unfair Competition Law, Unlawful Prong (Cal. Bus. & Prof.Code § 17200 *et seq.*), First Cause of Action
- Violation of the Unfair Competition Law, Unfair and Fraudulent Prong (Cal. Bus. & Prof.Code § 17200 *et seq.*), Second Cause of Action
- Violation of the False Advertising Law (Cal. Bus. & Prof.Code § 17500 *et seq.*), Third Cause of Action
- Violation of the Consumer Legal Remedies Act (Cal. Civ. C. § 1750 *et seq.*), Fourth Cause of Action

Plaintiffs move for class certification under Fed.R.Civ.P. 23. They define the class as follows:

All persons (excluding officers, directors, and employees of Defendants) who purchased, on or after January 1, 2006, Defendants' Cobra Products (in all packaging sizes and iterations) in California for their personal own use rather than for resale or distribution.

*See* SAC ¶ 109. Defendant opposes certification on several grounds.

## II. LEGAL STANDARD

Rule 23 governs class certification in federal court. Although it is not an express component of Rule 23, "courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed." *Zeisel v. Diamond Foods, Inc.*, C 10–

---

them for lack of personal jurisdiction. As such, Nutraceutical Corp. is the only remaining defendant.

01192 JSW, 2011 WL 2221113* 6 (N.D.Cal. June 7, 2011).

To obtain class certification, the representative plaintiff must show that a proposed class satisfies the "two distinct sets of requirements" set out in Rule 23. *United Steel, etc., Union v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir.2010) ("*ConocoPhillips*").

First, under Rule 23(a), a plaintiff must show all of the following: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). These requirements are known as "numerosity," "commonality," "typicality," and "adequacy," respectively. *Id.*

After satisfying Rule 23(a)'s four prerequisites of numerosity, commonality, typicality, and adequacy, a party must also demonstrate that the cases is one of the "types of class actions" defined in Rule 23(b). Only cases of this type are susceptible to adjudication on a class-wide basis and therefore eligible for certification.

The decision to grant or deny a motion for class certification is committed to the trial court's broad discretion. *Bateman v. American Multi–Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir.2010). However, a party seeking class certification must affirmatively demonstrate compliance with Rule 23—that is, the party must be prepared to prove that there are in fact sufficiently numerous parties and common questions of law or fact. *Wal–Mart Stores, Inc. v. Dukes,* 603 F.3d 571 (9th Cir.2010) , —— U.S. ——, 131 S.Ct. 2541, 2550, 180 L.Ed.2d 374 (2011). This requires a district court to conduct a "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim." *Id.*

## III. ANALYSIS

### A. The Class is Ascertainable.

■ "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Zapka v. Coca–Cola Co.,* 2000 WL 1644539, at *3 (N.D.Ill. Oct. 27, 2000). Ascertainability does not, however, require the plaintiff to show "that every potential member can be identified at the commencement of the action." *O'Connor v. Boeing N. Am., Inc.,* 184 F.R.D. 311, 319 (C.D.Cal.1998). In addition, a proposed class is ascertainable if defined in a way such that anyone within it would have standing. *See Tourgeman v. Collins Fin. Servs.,* No. 08–cv1392 JLS (NLS), 2011 WL 5025152, at *5–6 (S.D.Cal. Oct. 21, 2011).

■ The class here is ascertainable because it is readily identifiable by the following objective criteria set forth in the class definition: (1) all persons who purchased (2) Defendants' Cobra Products (in all packaging sizes and iterations), (3) on or after January 1, 2006, (4) in California (5) for their own personal use (6) exclusive of Defendants' officers, directors and employees. See ¶¶ 108–109; *see also Chavez v. Blue Sky Natural Beverage Co.,* 268 F.R.D. 365, 377 (N.D.Cal. 2010) ("By these objective criteria the members of the proposed class can be ascertained by 'tangible and practicable standards for determining who is and who is not a member of the class' "). Notably, the class is limited to "purchasers," and therefore only those who lost money buying Cobra are included. *See Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 595 (9th Cir.2012) ("To the extent that class members were relieved of their money by Honda's deceptive conduct ... they have suffered an 'injury in fact.' ") (citation omitted). The proposed class is therefore ascertainable.

Defendant contends that because there are no records of who purchased Cobra, it will be difficult to identify class members. However, identifying individual class members is not germane to ascertainability.

### B. Plaintiffs Satisfy Rule 23(a).

#### 1. Numerosity and Commonality

Defendant does not challenge—and thereby concedes—Plaintiffs' showing of numeros-

ity and commonality. The Court also agrees that Plaintiffs satisfy these criteria.

### 2. Typicality

▇ Rule 23(a)(3) requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Dukes v. Wal–Mart*, 603 F.3d 571, 613 (9th Cir.2010) (en banc) (*quoting Hanlon*, 150 F.3d at 1020), *rev'd on other grounds*, —— U.S. ——, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). "Typicality requires that the named plaintiffs be members of the class they represent." *Id.* at 613 (*citing Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). The commonality, typicality, and adequacy-of-representation requirements "tend to merge" with each other. *Dukes*, 131 S.Ct. at 2551 n. 5 (*citing Gen. Tel. Co. of Sw.*, 457 U.S. at 157–58, 102 S.Ct. 2364).

▇ The Court finds that Plaintiffs' claims are typical of the claims of the class: Ortega and Lambert assert that they were misled by Cobra's packaging to believe that it would provide health benefits and act as an aphrodisiac, and that it was scientifically formulated to improve virility. Instead, Cobra was ineffective and posed health risks. Plaintiffs' claims and those of the class members are encompassed by the class definition.

Defendant argues that Plaintiffs' claims are not typical because they had unrealistic expectations of the product and unreasonably interpreted the packaging. Defendant goes into great detail about the exact expectations each Plaintiff claimed to have had about the product based on their understanding of the words and imagery on Cobra's packaging. But these particulars do not render Plaintiffs atypical: even if each Plaintiff and class member had somewhat varying conceptions of the results he could expect from a product marketed as virility-enhancing, each had the same marketing-induced expectation that the product would be virility-enhancing. Plaintiffs claim it fell short of that representation.

Their claims are therefore typical, notwithstanding the variations Defendant points out.

▇ However, the Court finds that Ortega's and Lambert's claims are *not* typical of those of class members whose claims may be barred by the statute of limitations. Ortega and Lambert both purchased Cobra within the longest-applicable statute of limitations period (four years). *See* SAC ¶¶ 15, 18 (Ortega purchased Cobra in 2011, and Lambert purchased Cobra in 2012). However, they seek to represent others whose claims are beyond the statute of limitations on the theory that the delayed discovery rule applies. Delayed discovery would add to this litigation a significant dimension in which the named Plaintiffs have no personal interest. Thus, the Court finds that Ortega's and Lambert's claims are not typical of claims beyond the statute of limitations. The class definition will be limited to claims within the applicable limitations period.

### 3. Adequacy

▇ Rule 23(a)(4) permits the certification of a class action only if "the representative parties will fairly and adequately protect the interests of the class." To determine whether the representative meets this standard, the court considers whether "plaintiffs and their counsel have any conflicts of interest with other class members, and [whether] the representative plaintiffs and their counsel will prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir.2003) (citation omitted).

▇ As noted above, Ortega's and Lambert's claims are not typical of claims beyond the statute of limitations and the definition will be revised accordingly. Similarly, Ortega and Lambert are not adequate representatives of such class members because they have no personal interest in those claims and have nothing to gain by pursuing the delayed discovery rule. This presents at least a potential conflict between Lambert and Ortega on one hand, and class members with old claims on the other. But, for members whose claims fall within the limitations period, there appear to be no conflicts between Plaintiffs and their counsel on one hand, and

the class members on the other. Lambert and Ortega have demonstrated their commitment to this case by appearing for deposition and communicating with counsel. Defendant contends that Plaintiffs were reluctant to testify at their depositions in detail about their experiences with Cobra, but Plaintiffs also stated that they would be willing to testify at trial. Defendant's other challenges to Lambert and Ortega (that they are not adequate because of their "novel interpretations" of the Cobra label and their non-reliance on all components of that label) are not relevant to the adequacy inquiry. The Court is satisfied that Lambert and Ortega are adequate class representatives. Finally, the Court notes that there is no question that Ortega and Lambert have standing.

Defendant does not challenge Plaintiffs' counsel's adequacy, and upon review of the relevant materials, the Court finds that the Law Offices of Ronald A. Marron and the Weston Firm are qualified and adequate to represent the class in this case. Plaintiffs have thus satisfied the adequacy requirement with respect to class members whose claims fall within the statute of limitations.

The Court therefore finds that Plaintiffs have satisfied all of the requirements of Rule 23(a).

### C. Plaintiffs' Proposed Class Satisfies Rule 23(b).

The Court will next consider whether Plaintiff's claims are among the types of claims eligible for class certification under Rule 23(b). Plaintiffs argue that their claims satisfy Rule 23(b)(2) and Rule 23(b)(3). Because the Court finds that this action satisfies Rule 23(b)(3), the Court will not reach Rule 23(b)(2).

Under Rule 23(b)(3), a class may be certified if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Among the factors relevant to this analysis are "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing the class action." Rule 23(b)(3)(A)-(D). "Subdivision (b)(3) encompasses those cases in which a class action would achieve economies or time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.... It is only where predominance exists that economies can be achieved by means of the class-action device." Fed.R.Civ.P. 23(b)(3), Advisory Committee Notes.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). The "predominance element requires only that questions common to the class predominate over those affecting individual members; it does not require that all questions be identical." *See In re Loewen Group Sec. Litig.*, 233 F.R.D. 154, 167 (E.D.Pa.2005). Thus, where issues of liability can be adjudicated on a class-wide basis, the presence of individualized issues as to damages will not defeat class certification. *See, e.g., Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir.1975) (stating, "The amount of damages is invariably an individual question and does not defeat class action treatment.") "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter–Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir.1996).

### 1. Common Issues Predominate.

█ The Court finds that common issues predominate. All of the Plaintiffs' claims depend on the common issue of whether Cobra's labeling is false or misleading. The evidence relevant to this inquiry is also common to all claims: it is the packaging itself, which Plaintiffs assert was uniform in California throughout the class period. Furthermore, whether the packaging is false or mis-

leading is determined based on the objective "reasonable consumer" standard, rather than on a plaintiff-by-plaintiff basis. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir.2008) (false advertising claims under UCL and CLRA based on reasonable consumer standard, and the primary evidence is the packaging itself); *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951, 119 Cal.Rptr.2d 296, 45 P.3d 243, 250 (2002) (stating that claim under the FAL employs the same standard as a claim under the UCL: "it is necessary only to show that 'members of the public are likely to be deceived.'") (citation omitted). Plaintiffs' other evidence—consumer surveys and expert testimony regarding the inefficacy of Cobra's ingredients—is also applicable on a class-wide basis.

Defendant's arguments that individual questions predominate are unavailing. Defendant acknowledges that under the UCL, FAL, and CLRA, a plaintiff can trigger a rebuttable presumption of reliance and causation as to absent class members if the defendant's alleged statements were material and made to the entire class. *In re Vioxx Class Cases*, 180 Cal.App.4th 116, 129, 103 Cal.Rptr.3d 83 (2009) ("Causation, on a class-wide basis, may be established by materiality. If the trial court finds that material misrepresentations have been made to the entire class, an inference of reliance arises as to the class."). Contrary to Defendant's argument, it appears that Plaintiffs' claims can trigger this presumption, and can do so on a class-wide basis.

██ "A misrepresentation is judged to be 'material' if 'a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question' [citations], and as such materiality is generally a question of fact unless the 'fact misrepresented is so obviously unimportant that the jury could not reasonably find that a reasonable man would have been influenced by it.'" *In re Tobacco II Cases*, 46 Cal.4th 298, 327, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009) (citations omitted). The statements that Plaintiffs claim were misleading were nearly all of the statements on Cobra's packaging. It strains credulity to think that a merchant would select exclusive-

ly immaterial statements to print on its product's packaging. It therefore also appears likely that if Plaintiffs can demonstrate that Defendant's claims were misleading, they will also be able to demonstrate materiality. At a minimum, the statements alleged to be misrepresentations are not "so obviously unimportant" that the Court should decide that question now against Plaintiffs. Plaintiffs' claims are more than sufficient such that materiality can and should be determined by a jury. In addition, the alleged misrepresentations were made to the entire class. Thus, materiality can be adjudicated on a class-wide basis because Defendant's packaging was uniform over the entire class period, and because it is based on the objective reasonable consumer standard. In short, Plaintiffs have presented a strong case that they will be able to rely on the presumption of reliance and causation.

Defendant also argues that individual questions predominate because Plaintiffs will not be able to show that they and the class members were misled by the exact same statements on the packaging. For example, Defendant suggests that both Plaintiffs relied solely on the package's image of a cobra snake and not on any other statements, and that this demonstrates individual issues predominate because class members could have relied on various statements. First, both Plaintiffs testified to other statements on the package that they read and relied on when purchasing Cobra. *See, e.g.*, Ortega Depo. 114:9–25; Lambert Depo. 26:2–12. In any event, as noted above, Plaintiffs may be able to invoke the presumption of reliance and causation, thus mooting any issue about which component of the packaging any individual plaintiff read or can remember at deposition.

Nor is the Court convinced by Defendant's argument that individualized damages defeat predominance. "[T]he presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)." *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir.2013). However, Plaintiffs have nevertheless advanced a tenable theory that monetary relief can be ascertained on a classwide basis. Whether termed restitution or out-of-

pocket costs, Plaintiffs are seeking to recover what they spent on Cobra. This can be readily calculated using Defendant's sales numbers and an average retail price. Defendant argues that this introduces an individualized defense because each plaintiff's monetary recovery should be reduced to account for the actual value of the product to him. But Plaintiffs argue that the product was valueless because it provided none of the advertised benefits and was illegal. As such, Plaintiffs contend, they should recover their full purchase price. *Hansen Beverage Co. v. Vital Pharm., Inc.*, 08–CV–1545–IEG POR, 2010 WL 1734960, at *3–4 (S.D.Cal. Apr. 27, 2010) (under Lanham Act standards, which are identical to the CLRA, UCL and FAL (*see* 15 U.S.C. §§ 45(a), 52), holding that where an advertiser makes false efficacy claims, injury to the class is presumed); *In re Steroid Hormone Prod. Cases*, 181 Cal. App.4th 145, 160, 104 Cal.Rptr.3d 329 (2010) (finding that illegality of a product would be material to the class and no individualized proof of reliance or injury for class members was necessary under the CLRA). In short, Plaintiffs have presented a workable class-wide method for calculating monetary relief. Defendant's interjection of a theoretically available defense to this relief does not render damages an individualized issue that predominates over the common issues.

Finally, Defendant contends that individual issues predominate because, in the absence of records showing who purchased Cobra, identifying class members is fraught with individualized questions. Chief Judge King of this district recently addressed this issue in *Forcellati v. Hyland's, Inc.*, CV 12–1983–GHK MRWX, 2014 WL 1410264 *7–8 (C.D.Cal. Apr. 9, 2014). This Court agrees with Judge King's analysis. In brief, given that one of the purposes of the class action procedure is to facilitate small claims, that it is likely Defendant's aggregate liability could be reliably determined without imposing excess liability, and that all parties would be bound by the litigation, individual issues arising out of identifying class members do not predominate over common issues and the class procedure does not unfairly prejudice Defendant.

### 2. The Class Action Procedure is Superior to Other Methods of Adjudicating the Claims.

The Court also finds that the class action procedure is superior to other available methods for fairly and efficiently adjudicating the controversy. The test for superiority requires "determination of whether the objectives of the particular class action procedure will be achieved in the particular case," which "necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon*, 150 F.3d at 1023 (*citing* 7A *Wright & Miller, Federal Practice and Procedure*, § 1779 (2d ed. 1986)).

Here, the alternative to certifying a liability class would be for individual plaintiff to bring claims for what are small amounts of actual damages: according to Plaintiffs, a box of Cobra costs $16–$17. To pursue a claim, each plaintiff would have to litigate Defendant's liability even though it could be established by uniform evidence (the packaging) using an objective standard (the reasonable consumer). It stands to reason that individuals would be discouraged from bringing suit—indeed, they would not likely find counsel—because "litigation costs would dwarf potential recovery." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir.1998); *see also Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir.2001) ("If plaintiffs cannot proceed as a class, some—perhaps most—will be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover.").

Even if a number of plaintiffs were to bring suit individually, multiple adjudications of Defendant's liability would needlessly burden the court system. In addition, certifying a class would ensure that the Defendant and all individual class members would both be bound by, and benefit from, the litigation. This clearly serves the interests of judicial economy and fairness.

### 3. On Balance, Rule 23(b)(3)(A)-(D) Subfactors Favor Certification.

Most of the subfactors within Rule 23(b)(3)(A)-(D) favor certification. There is

no discernible reason why any class member would have an interest in individually controlling the prosecution or defense of separate actions. Nor does the extent and nature of other litigation counsel against certification. Although a similar case was filed in the Southern District of California and was not certified, that was because the class representative purchased Cobra not for her own use, but rather for her husband's use. *See Peviani v. Natural Balance, Inc.*, 2011 WL 1648952 (S.D.Cal. May 2, 2011). As such, the Court found that the class representative was not typical of other class members (who themselves consumed the product) and that she would not be an adequate representative. The Plaintiff thus dismissed the case. Because *Peviani* was not adjudicated on the merits, there is no reason why it is an obstacle to this case. Neither side has identified any other case involving these parties. The class in this case is limited to California residents, so it is appropriate to concentrate the claims in the Central District of California. There will be some difficulties in managing this class action in connection with identifying class members. However, this is not an insurmountable difficulty that should defeat certification. *See Forcellati v. Hyland's, Inc.*, CV 12–1983–GHK MRWX, 2014 WL 1410264 *7–8 (C.D.Cal. Apr. 9, 2014).

Having found that certification is appropriate under Rule 23(b)(3), the Court need not resolve Plaintiffs' alternative argument that the class should be certified under Rule 23(b)(2).

## D. Class Notice

▮ Plaintiffs submitted a plan for class notice. *See* Declaration of Gajan Retnasaba. Generally, the notices are adequate and Defendant did not object to their content. Of course, Plaintiffs will have to adjust the notice to reflect the appropriate statute of limitations.

However, Plaintiffs failed to address in their opening brief two unusual aspects of their proposed plan: that Defendant be required to pay for notice, and that Defendant be required to include the notice within Cobra's packaging. Plaintiffs failed to justify these requests in their opening brief, so they

were never legitimately put in issue. Ordinarily, the cost of notice is borne by the Plaintiffs or their firm. Nothing in the record persuades the Court to depart from that approach. Nor will the Court require Defendant to include notice within Cobra's packaging: doing so would be akin to issuing a mandatory injunction, a drastic step not warranted by the record before the Court.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Class Certification. However, the Class Definition must be revised to exclude claims not within the ordinary statute of limitations.

The Court also approves Plaintiffs' plan for giving notice, except that the Court **DENIES** Plaintiffs' request for an order requiring Defendant to pay for notice and to include notice in the product's packaging.

Within seven (7) days of the issuance of this Order, Plaintiffs are to submit a revised Proposed Order reflecting these changes.

**IT IS SO ORDERED.**