**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALESSANDRA BALSER, Individually and on Behalf of All Others Similarly Situated; RUTH KRESHA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>Defendant - Appellee. | No. 14-55074<br><br>D.C. No. 2:13-cv-05604-R-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted February 8, 2016
Pasadena, California

Before: BERZON, DAVIS[**], and OWENS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Plaintiffs Alessandra Balser and Ruth Kresha filed a putative class action lawsuit against The Hain Celestial Group, Inc. ("Hain"), alleging that Hain's use of the word "Natural" on some of its products' packaging is misleading because the products contain synthetic ingredients. The district court dismissed the case without leave to amend. We reverse and remand for further proceedings.

1. Plaintiffs pleaded their claims with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b). First, Plaintiffs adequately alleged "the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation omitted). They provided a definition of "natural," and explained that "natural" means free of synthetic ingredients. Plaintiffs also alleged Hain used the phrase "100% Vegetarian" on the back of the products' packaging, which, the complaint avers, means products derived from plants. These allegations are sufficient plausibly to allege a reasonable consumer's understanding of "natural" as used on Hain's packaging, and so are adequate under California law. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938-39 (9th Cir. 2008); *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011). Additionally, the complaint gives rise to the reasonable inference that

Plaintiffs themselves believed the proffered definition of "natural." *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

Second, assuming without deciding that Rule 9(b) requires specific allegations of reliance, Plaintiffs have satisfied the requirement. They alleged that they viewed the "natural" labeling on certain Alba Botanica products and, because of that labeling, paid a premium as compared to "products that do not purport to be natural." Had the products not claimed to be "natural," Plaintiffs alleged, they would not have paid a premium price for them. These allegations are sufficient plausibly to allege reliance.

Finally, Plaintiffs sufficiently pleaded how they were harmed by the "natural" representation. Allegations that one paid more than one otherwise would have because of a misrepresentation sufficiently allege economic injury. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir. 2012).

2. Whether a business practice is deceptive, misleading, or unfair is ordinarily a question of fact to be decided by a jury. *Williams*, 552 F.3d at 938-39. As here, *Williams* involved claims of deceptive labeling. Plaintiffs challenged five aspects of Gerber's Fruit Juice Snacks packaging, including "the statement that Fruit Juice Snacks was made with 'fruit juice and other all natural ingredients.'" *Id.*

at 939. We held that the statement "could easily be interpreted by consumers as a claim that all the ingredients in the product were natural, which appears to be false," and so reversed dismissal of the complaint. *Id.* In this case, similarly, the statements that the products were "natural" and "100% vegetarian" could be taken as a claim that no synthetic chemicals were in the products, a claim the complaint alleges, in detail, is false.

Moreover, *Williams* is clear that an ingredient list does not correct, as a matter of law, misrepresentations on the product's label. Rather, the likely impact of such a list on a reasonable consumer is a factual issue, not determinable on the pleadings. *Id.* at 939-40. Given that holding, product information on a website also cannot override as a matter of law any misimpressions created by the label. *Williams* therefore requires reversal.

3.  Plaintiffs also argue that the district court abused its discretion by denying them precertification discovery. We note that the schedule contemplated by Central District of California Local Rule 23-3, when considered alongside federal rules regarding status conferences and the timing of discovery, is quite unrealistic in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage. *See Wal-Mart Stores, Inc. v. Dukes*,

4

131 S. Ct. 2541, 2551 (2011); *see also* Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges* 9 (3d ed. 2010) (noting that local rules calling for specific time limits on class certification should be ignored as inconsistent with federal rules and obsolete).

By minute order, the district court deferred consideration of the Plaintiffs' motion for precertification discovery to a date after the Plaintiffs' motion for class certification was due, thereby implicitly denying the motion by rendering it moot. We vacate that decision and remand to the district court for consideration of whether precertification discovery is necessary, given Plaintiffs' particular document requests, updated requests, and recent case law.

**REVERSED and REMANDED.**