

FILED

NOT FOR PUBLICATION

FEB 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: IPHONE 4S CONSUMER LITIGATION, | No. 14-15487 |
| | D.C. No. 4:12-cv-01127-CW |
| FRANK M. FAZIO; CARLISA S. HAMAGAKI; DANIEL M. BALASONNE; BENJAMIN SWARTZMANN, individually and on behalf of all others similarly situated, | MEMORANDUM* |
| Plaintiffs - Appellants, | |
| v. | |
| APPLE, INC., a California Corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Senior District Judge, Presiding

Argued and Submitted February 12, 2016
San Francisco, California

---

&ast;        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SILVERMAN and TALLMAN, Circuit Judges and LASNIK,[**] Senior District Judge.

Plaintiffs appeal the district court's order granting Apple's Motion to Dismiss Plaintiffs' California Consumer Legal Remedies Act ("CLRA"), California False Advertising Law ("FAL"), California Unfair Competition Law ("UCL"), and intentional and negligent misrepresentation claims. The district court held that Plaintiffs' amended consolidated class action complaint, alleging that Apple's advertising campaign misrepresented the functionality of the Siri feature of the iPhone 4S and deceived consumers, failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and failed to plead plausible claims under Federal Rule of Civil Procedure 8(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not err in finding that Plaintiffs failed to meet the heightened pleading requirements of Rule 9(b) when Plaintiffs failed to describe how and why Apple's statements were fraudulent or misleading. All of Plaintiffs' claims fall under the heightened pleading requirements of Rule 9(b) because they are "grounded in fraud." *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-05 (9th Cir. 2003)

---

[**] The Honorable Robert S. Lasnik, Senior United States District Judge for the Western District of Washington, sitting by designation.

(holding that the Rule 9(b) pleading standards apply to California CLRA, FAL, and UCL claims because, though fraud is not an essential element of those statutes, a plaintiff alleges a fraudulent course of conduct as the basis of those claims).  In pleading fraud or misrepresentation a plaintiff "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To meet this standard a plaintiff must allege the "who, what, where, when, and how" of the misconduct and explain what is false or misleading about the statement made and why it is false.  *Cafasso ex. rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

Merely pointing to product demonstrations of Siri in Apple's general advertising campaign is insufficient to show that Apple fraudulently misled Plaintiffs into believing Siri would perform consistently.  Plaintiffs fail to define what level of consistency they expected from these representations and how often Siri actually performed as requested.  Plaintiffs also do not allege that Siri never worked, just that Siri did not work as consistently as they expected.  Failure to meet Plaintiffs' undefined expectations of consistency does not render Apple's representations misleading.  Therefore, Plaintiffs failed adequately to allege why the representations were misleading and the district court did not err in holding that Plaintiffs failed to satisfy the pleading requirements of Rule 9(b).

**2.**  The district court did not err when it dismissed Plaintiffs' CLRA, FAL, and UCL claims for failing to meet the pleading requirements of Rule 8(a) because it could not determine if a reasonable consumer would be misled by Apple's representations.  Complaints alleging fraud subject to Rule 9(b) must also meet the plausibility requirement of Rule 8(a) under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Cafasso*, 637 F.3d at 1055.  To be plausible, claims must meet the "reasonable consumer" test by showing that members of the public are likely to be deceived. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

Because Plaintiffs cannot articulate what level of consistent performance Apple fraudulently represented, they similarly fail to define the level of consistency a reasonable consumer would expect.  Therefore, Plaintiffs failed to satisfy the reasonable consumer test and the district court did not err in holding Plaintiffs' complaint deficient for failure to state a claim that satisfies Rule 8(a).

**3.**  Because Plaintiffs elected to stand on their amended consolidated class action complaint, there was no abuse of discretion in dismissal with prejudice.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

Costs are awarded to Appellees.

**AFFIRMED**.

4

Fazio v. Apple, Inc.  No. 14-15487

SILVERMAN, Circuit Judge, dissenting:

Contrary to what the majority says, the plaintiffs do not allege that "Siri did not work as consistently as they expected."  In truth, they alleged that Siri did not work *as advertised.* In a false advertising case, that is a crucial distinction.

The plaintiffs set forth in their complaint, in great detail, the specific functions that the Apple commercials claimed that Siri will do.  The plaintiffs then allege in plain English that Siri does not do those specific things.  They then allege exactly what Siri does instead.  That's specific enough for me.

The essence of Apple's attack on the sufficiency of the complaint is that plaintiffs did not plead that the commercials specifically state that Siri will work "consistently." With all due respect, that's baloney.  The same can be said of virtually any advertisement.  Does a commercial for a refrigerator specifically claim that the refrigerator will *consistently* keep the food cold?  Does a commercial for a television specifically claim that it will *consistently* turn itself on and off when the power button is pushed?  Does a commercial for a car specifically claim that it will *consistently* stop when the brakes are applied?  Of course not, but a reasonable person would understand that such performance is implied, especially

when the function is demonstrated in a commercial. Faced with a motion to dismiss, the plaintiffs are entitled to the benefit of the reasonable inferences that can be drawn from the detailed facts they alleged in their complaint, especially when the cause of action does not require proof of falsity, just that the claims are misleading.

In this case, plaintiffs have alleged that Apple's commercials for the iPhone 4s specifically claim – indeed, the commercials *show* – that the phone will perform certain specific functions, and that the iPhone 4s does not perform those specific functions as specifically advertised. It may well be that, down the road, Apple can show that an occasional Siri mistake is not unacceptable performance – i.e., that the phone reasonably performs as advertised. I express no opinion on what the evidence will show; the only issue before us now is the sufficiency of the complaint. Taking the specific allegations in the light most favorable to the plaintiffs, the motion to dismiss should have been denied.