**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| VICTOR H. MARTINEZ-GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-72445 <br><br> Agency No. A036-164-011 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2016[**]
Pasadena, California

Before: FARRIS, and M. SMITH, Circuit Judges, and TYMKOVICH, Chief
Judge.[***]

Petitioner Victor H. Martinez-Gonzalez seeks review of the Board of

Immigration Appeals's denial of relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Timothy M. Tymkovich, Chief Judge for the Tenth Circuit Court of Appeals, sitting by designation.

(CAT). To be entitled to CAT relief, a petitioner must show that it is more likely than not he will be tortured upon return to his native country. 8 C.F.R. § 1208.16(c)(2). Exercising jurisdiction under 8 U.S.C. § 1252,[1] we DENY his petition for review.

Martinez-Gonzalez, a native and citizen of Mexico, was admitted to the United States in 1976 as a lawful permanent resident. Between 1990 and 2011, he was convicted of three felonies, serving jail time for each.

Because of these crimes, the Department of Homeland Security sought to remove Martinez-Gonzalez based on both 8 U.S.C. § 1227(a)(2)(A)(ii) and (iii). An immigration judge issued an order sustaining the charge of removability under § 1227(a)(2)(A)(ii) but dismissing it under (iii). Martinez-Gonzalez then filed applications for withholding of removal and CAT protection, claiming a fear of persecution and torture because of his sexual orientation.

After an evidentiary hearing on the merits, the IJ denied all relief, finding Martinez-Gonzalez's convictions made him removable. The IJ also found

---

[1] The government seeks en banc review of whether 8 U.S.C. § 1252(a)(2)(C) precludes judicial review of CAT claims when an alien is removable by reason of having committed a relevant crime. But this three judge panel is bound by circuit precedent. We have jurisdiction to consider a denial of CAT relief when, as here, the immigration judge denies relief on the merits, rather than on the basis of the crime. *See Morales v. Gonzalez*, 478 F.3d 972, 980 (9th Cir. 2007). Thus, there is no jurisdictional question in this case.

2

Martinez-Gonzalez did not warrant CAT protection because he failed to show sufficient likelihood of future torture on the basis of his sexual orientation. The BIA dismissed Martinez-Gonzalez's appeal, finding he failed to establish it is more likely than not that he would be tortured upon his return to Mexico.

We need not reach the merits of this case. Although we tolerate minor breaches of briefing rules, when numerous violations exist, we strike an appellant's brief and dismiss the appeal. *See N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997); *see also Toroyan v. Gonzales*, 192 F. App'x 622, 623 (9th Cir. 2006) (unpublished) (dismissing, for failure to comply with briefing rules, an alien's petition for review of a BIA decision denying CAT relief).

That is the case here. Martinez-Gonzalez's opening brief fails to satisfy both Ninth Circuit Rule 28-2 and Federal Rule of Appellate Procedure 28. *First*, he fails to state the statutory basis of subject matter jurisdiction of the agency. Fed. R. App. P. 28(a)(4)(A); Ninth Cir. R. 28-2.2(a). *Second*, he fails to state before the statement of the case the statutory basis of jurisdiction of this court. Fed. R. App. P. 28(a)(4)(B); Ninth Cir. R. 28-2.2(b). *Third*, he does not state as to each issue the applicable standard of review, nor does he apply the relevant standard to the facts. Fed. R. App. P. 28(a)(8)(B); Ninth Cir. R. 28-2.5. *Fourth*, he fails to attach to his opening brief the required addendum comprised of both orders being challenged,

including the order of the immigration court. Ninth Cir. R. 28-2.7. *Fifth*, he fails to include a complete table of authorities. Fed. R. App. P. 28(a)(3). *Sixth*, he fails to make appropriate citations to the record, including stating where in the record an issue was first raised and ruled upon below. Fed. R. App. P. 28(a)(6); Ninth Cir. R. 28-2.5. These mistakes are aside from other matters such as "creative renditions of what actually occurred" below. *See N/S Corp.*, 127 F.3d at 1146.

We have the discretion to overlook deficiencies in briefing even when there are multiple technical violations of the rules. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008). But we choose to exercise this power only when we believe that an appellant's claims have merit. *Id*. As we have noted, "we would feel most uneasy if this were an otherwise meritorious appeal, which cried out for reversal of the [lower] court's decisions." *N/S Corp.*, 127 F.3d at 1146.

This is not such a case. And even if we were to reach the merits, Martinez-Gonzalez has not satisfied his burden of proving it is more likely than not he would be tortured upon his return to Mexico. Nor has he persuasively argued that the BIA's decision was unsupported by substantial evidence, or that the BIA failed to consider all of the relevant evidence. We are convinced the BIA did not err. In sum, Martinez-Gonzalez mischaracterizes or misconstrues the orders of both the IJ

and the BIA, and as a result fails to make any argument that would entitle him to relief.

PETITION FOR REVIEW DENIED.