NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYNTHIA CARDARELLI PAINTER, individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BLUE DIAMOND GROWERS, a California corporation and DOES, 1-100, inclusive, <br><br> Defendants-Appellees. | No. 17-55901 <br><br> D.C. No. 2:17-cv-02235-SVW-AJW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted December 3, 2018
Pasadena, California

Before: D.W. NELSON and WARDLAW, Circuit Judges, and PRATT,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

Cynthia Painter appeals the district court's order dismissing her complaint with prejudice on grounds of preemption and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On behalf of a putative class, Painter claims that Blue Diamond Growers ("Blue Diamond") mislabeled its almond beverages as "almond milk" when they should be labeled "imitation milk" because they substitute for and resemble dairy milk but are nutritionally inferior to it. *See* 21 C.F.R. § 101.3(e)(1). We have jurisdiction under 28 U.S.C. § 1291 and review the district court's dismissal de novo. *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 601 (9th Cir. 2018). We affirm.

1. The district court correctly determined that the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 301–399i, as amended by the Nutrition Labeling and Education Act of 1990 § 6(a), 21 U.S.C. § 343-1, contains a broad preemption provision, which prohibits a state from "directly or indirectly establish[ing]" food labeling requirements "not identical to" federal requirements. 21 U.S.C. § 343-1(a). Accordingly, Painter's "mislabeling" claims that seek to use state law to impose labeling requirements "not identical to" those under 21 U.S.C. § 343(c) are preempted. *See id.* § 343-1(a)(2). The FDCA sets forth the bare requirement that foods imitating other foods bear a label with "the word 'imitation' and, immediately thereafter, the name of the food imitated." 21 U.S.C. § 343(c); 21 C.F.R. § 101.3(e). Therefore, Painter's claim that Blue Diamond must

2

additionally include either a nutritional comparison of almond milk to dairy milk or cease using the term "milk" on the label of its almond milk products conflicts with the FDCA. *See Durnford*, 907 F.3d at 601 (stating the FDCA displaces food labeling requirements that "[d]iffer from those specifically imposed by" the federal statute (quoting 21 C.F.R. § 100.1(c)(4)(ii))).

2. The district court properly dismissed Painter's deceptive marketing claims under California's Unfair Competition Law (UCL), False Advertising Law (FAL), and Consumers Legal Remedies Act (CLRA) for failing "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Cal. Bus. & Prof. Code §§ 17200–210 (UCL); Cal. Bus. & Prof. Code §§ 17500–509 (FAL); Cal. Civ. Code §§ 1750–84 (CLRA). Under the "reasonable consumer" standard that governs Painter's UCL, FAL, and CLRA claims, Painter "must show that members of the public are likely to be deceived" by Blue Diamond's labeling and advertising practices. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (internal quotation marks and citation omitted).

Painter's complaint does not plausibly allege that a reasonable consumer would be deceived into believing that Blue Diamond's almond milk products are nutritionally equivalent to dairy milk based on their package labels and advertising. Unlike in *Williams v. Gerber Products Co.*, 552 F.3d 934 (9th Cir. 2008), in which we found that reasonable consumers could mistakenly interpret repeated references

3

to "fruit" and images of real fruit on packaging of a product called "fruit juice snacks" as a representation that the product's ingredients were all natural, *see id.* at 939, Painter concedes that Blue Diamond accurately labels and advertises its almond milk products. The district court correctly concluded that "[n]o reasonable consumer could be misled by [Blue Diamond's] unambiguous labeling or factually accurate nutritional statements."

Nor can Painter plausibly allege that Blue Diamond's almond milk products are mislabeled in violation of federal law. Almond milk is not an "imitation" of dairy milk within the meaning of 21 U.S.C. § 343(c) and 21 C.F.R. § 101.3(e). Notwithstanding any resemblance to dairy milk, almond milk is not a "substitute" for dairy milk as contemplated by section 101.3(e)(1) because almond milk does not involve literally substituting inferior ingredients for those in dairy milk. *See, e.g.*, *62 Cases of Jam v. United States*, 340 U.S. 593, 595, 600 (1951) (finding that a product that substituted fruit in fruit jam with pectin, a gelatinized, water-based solution, was properly labeled "imitation jam"). In addition, a reasonable jury could not conclude that almond milk is "nutritionally inferior" to dairy milk within the meaning of 21 C.F.R. § 101.3(e)(4), as two distinct food products necessarily have different nutritional profiles. As the district court concluded, it is not plausible that a reasonable consumer would "assume that two distinct products have the same nutritional content."

4

3. The district court did not abuse its discretion in denying Painter leave to amend her complaint. No amendment to omit existing claims could improve the plausibility of the consumer confusion allegations Painter asserts. Thus, because "amendment would be futile," the district court properly dismissed Painter's claims with prejudice. *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010) (internal quotation marks and citation omitted).

4. Painter is judicially estopped from requesting on appeal that we invoke primary jurisdiction. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–83 (9th Cir. 2001). Painter successfully argued *against* the applicability of the primary jurisdiction doctrine before the district court and asserts the opposite on appeal only after an unfavorable ruling. Accordingly, judicial estoppel "precludes [Painter] from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton*, 270 F.3d at 782.

**AFFIRMED.** [1]

---

[1] Appellant's motions to take judicial notice (ECF Nos. 43, 47) are GRANTED.