**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES ex rel. HRAYR SHAHINIAN, M.D., F.A.C.S., an individual;  on behalf of  the United States of America, the District of Columbia, the City of Chicago, and the states of California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Washington, and Wisconsin (collectively, Plaintiff),<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation,<br><br>        Defendant-Appellee. | No.  18-56532<br><br>D.C. No.<br>2:14-cv-08313-JAK-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 15, 2020[]
Pasadena, California

Before: THOMAS, Chief Judge, and FERNANDEZ and W. FLETCHER, Circuit Judges.

Hrayr Shahinian appeals the district court's judgment in his False Claims Act[1] qui tam action against Kimberly-Clark Corporation (KC) for alleged misrepresentations about its MICROCOOL* Breathable High Performance Surgical Gowns. The district court dismissed the action on the ground that substantially the same allegations and transactions had already been publicly disclosed from the news media in counterclaims filed in earlier litigation between KC and Cardinal Health (the Cardinal Counterclaims). *See* 31 U.S.C. § 3730(e)(4)(A)(iii); *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 569–70 (9th Cir. 2016). The district court erred. We vacate and remand.

Construed in the light most favorable to Shahinian,[2] his complaint made allegations about a new fraud, one based on subsequent statements made by KC about a new and different surgical gown. *See United States ex rel. Aflatooni v.*

---

[1] 31 U.S.C. §§ 3729–33.

[2] *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008).

*Kitsap Physicians Servs.*, 163 F.3d 516, 522–23 (9th Cir. 1999); *Wang v. FMC Corp.*, 975 F.2d 1412, 1415–16 (9th Cir. 1992), *overruled on other grounds by United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1123 (9th Cir. 2015) (en banc).  Documents judicially noticed by the district court indicate that these new gowns were made from a different fabric, contained a different film layer, and were constructed in a manner different from the predecessor gowns.  That Shahinian's complaint and the Cardinal Counterclaims both generally alleged that KC made misrepresentations about the permeability of surgical gowns is not sufficient to bar this qui tam action.  *See Mateski*, 816 F.3d at 577.  The Cardinal Counterclaims "could not have alerted the Government to the specific areas of fraud alleged" here: a fraud purportedly occurring during a later period and concerning a different product.  *Id.* at 579; *see also United States ex rel. Found. Aiding The Elderly v. Horizon W., Inc.*, 265 F.3d 1011, 1016–17 (9th Cir.), *amended by* 275 F.3d 1189, 1189–90 (9th Cir. 2001).  In light of our conclusion, we do not reach Shahinian's alternative argument that the district court erred in determining that the Cardinal Counterclaims were disclosed "from the news media."  31 U.S.C. § 3730(e)(4)(A)(iii); *see Found. Aiding The Elderly*, 265 F.3d at 1015.  Thus, we vacate and remand the district court's dismissal of this action.

We disagree with KC's argument that we should affirm the judgment on the alternative ground that this qui tam action was barred by res judicata.  We agree with the district court that, regardless of Shahinian's dismissal of his personal, individual claim in a prior class action case, the government was not a party to that case.  Therefore, res judicata cannot act as a bar to the claim brought on the government's behalf in this qui tam case.  *See Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126–27 (9th Cir. 2007); *see also Whole Woman's Health v. Hellerstedt*, __ U.S. __, __, 136 S. Ct. 2292, 2304–05, 195 L. Ed. 2d 665 (2016).

**VACATED and REMANDED.**