**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 1 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GURMINDER SINGH, individually and on behalf of others similarly situated,

            Plaintiff-Appellant,

    v.

GOOGLE LLC,

            Defendant-Appellee.

No.    18-17035

D.C. No.
5:16-cv-03734-BLF

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted May 14, 2020
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and RAKOFF,** District Judge.

Plaintiff-Appellant Gurminder Singh appeals the district court's order

granting Defendant-Appellee Google LLC's ("Google") motion to dismiss based

on lack of statutory standing under California law. We have jurisdiction under 28

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

U.S.C. § 1291, and "review *de novo* the district court's dismissal of [Singh]'s claims." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013). We reverse and remand.

Singh has adequately pled statutory standing under California's False Advertising Law (FAL) and Unfair Competition Law (UCL). This economic injury in fact requirement "demands no more than the corresponding requirement under Article III of the U.S. Constitution." *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). Singh alleged sufficient economic injury and causation. Singh alleges that he purchased some number of clicks from Google via its AdWords program, Google misrepresented the general efficacy of its fraudulent click filters, and he would not have purchased clicks but for his reliance on the allegedly erroneous fraud filter rate. *Id.* ("In a false advertising case, plaintiffs meet this [standing] requirement if they show that, by relying on a misrepresentation on a product label, they 'paid more for a product than they otherwise would have paid, or bought it when they otherwise would not have done so.'" (citation omitted)); *see also Hawkins v. Kroger Co.*, 906 F.3d 763, 768 (9th Cir. 2018).

The district court applied too stringent of a pleading stage standard when it concluded that Singh had not sufficiently alleged that he suffered the requisite economic injury. Singh alleged that he has used the AdWords service to run his ad campaigns since 2008 and that he became suspicious of the efficacy of Google's

2

filters in catching fraudulent clicks in 2016. Singh further alleged that he hired Oxford BioChronometrics in 2018 to conduct an analysis of some of his ad campaigns, which showed that Google's filters caught fewer fraudulent clicks than advertised, and that numerous studies prior to 2016 on third-party ad campaigns found that Google's filters did not catch as many fraudulent clicks as Google advertised. At the pleading stage these allegations together are sufficient to draw the reasonable inference that Singh's ad campaigns prior to 2016 similarly suffered higher-than-advertised rates of fraudulent clicks not caught by Google's filters, and that he accordingly paid for more fraudulent clicks than Google advertised he would.[1] *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."). Thus, Singh's allegations are sufficient, at the pleading stage, to plausibly allege economic injury and causation, and the district court erred in concluding otherwise.[2]

Google contends that the district court's judgment may be upheld on

---

[1] We thus need not decide whether a consumer must allege (or prove) that Google's filters were ineffective as to his ad campaigns to establish standing under the UCL or FAL.

[2] We need not reach Singh's argument that the district court erred in finding that he paid for clicks and not the AdWords service. Whether he suffered the requisite economic injury does not depend on whether the money he paid Google is characterized as paying for clicks or a service.

3

alternate grounds. *See Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008) (noting that we may "affirm the dismissal on any ground supported by the record"). We disagree.

Google first argues that Section 8 of the AdWords Agreement expressly precludes Singh's claims and the dismissal can be affirmed on this ground alone. The district court concluded that "that under the circumstances in *this* case, a reasonable jury could find that Singh was reasonable in relying on Google's statements notwithstanding the 'no guarantee' provision . . . in the AdWords Agreement." The district court then explained "that a reasonable consumer could not view Google's extra-contractual representations as any sort of 'guarantee' of a specific invalid clicks rate, which would be precluded by the express language of Section 8 of the Agreement." We agree with the district court's initial statement: a reasonable jury could find that a consumer may still reasonably view these extra-contractual statements as a description about the general effectiveness of Google's click filter system, irrespective of any specific guarantee. *Cf. Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010). Thus, Section 8 of the agreement does not mandate affirming the dismissal of the complaint.

Google also posits that a 2007 blog post precludes any deception of a reasonable consumer (as to the 10% figure) as a matter of law. *See In re Tobacco II Cases*, 207 P.3d 20, 29 (Cal. 2009) (noting that to state a FAL or UCL fraud claim,

4

plaintiff must allege that "members of the public are likely to be deceived" by defendant's misrepresentations); *Davis v. HSBC Bank Nevada*, *N.A.*, 691 F.3d 1152, 1152, 1169 (9th Cir. 2012) (whether the public is likely to be deceived is viewed through the lens of a "reasonable consumer"). The district court addressed this point in the context of reasonable reliance, finding that a reasonable consumer could still "expect his or her invalid clicks report to show an invalid clicks rate that is consistent with Google's representations, even if not the exact average." Moreover, Google has not shown that a reasonable consumer would be aware of the relevant content in Google's blog post when seeing the 10% figure statement or signing up for AdWords. *Cf. Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (finding no misrepresentation in part because "[t]he qualifying language appears immediately next to the representations it qualifies and no reasonable reader could ignore it"). Accordingly, the blog post does not support affirming the dismissal of the complaint on the basis that Singh has not adequately pled that consumers are likely to be deceived.

Google's other arguments for why a reasonable consumer would not be deceived by the 10% figure and "vast majority" statement similarly do not warrant affirmance. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) ("[W]hether a business practice is deceptive [is] usually . . . a question of fact not appropriate for decision on [a motion to dismiss]."). We leave to the district court

to consider in the first instance whether Singh has adequately alleged with sufficient particularity that Google's other statements were false or deceptive. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).[3]

**REVERSED and REMANDED.**

---

[3] As noted above, Singh has sufficiently alleged standing as to his FAL and UCL claims. Though we have rejected Google's arguments about the pleading sufficiency under the fraud prong of the UCL, the district court never reached the viability of Singh's claim under the UCL's unfair prong in his operative complaint. We express no opinion on this issue.