NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS KRZYMINSKI, | No. 20-35182 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00238-SAB |
| v. | |
| SPOKANE COUNTY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, Chief District Judge, Presiding

Submitted December 7, 2020[**]
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN,[***]
District Judge.

Thomas Krzyminski appeals the district court's dismissal of his action

against Spokane County under the Uniformed Services Employment and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301–4344. Krzyminski worked as a lawyer for the County and alleged that he was denied pension credit for the time he served on active duty in the Washington Air National Guard, and that the County failed to inform him that he needed to pay make-up contributions within five years in order to receive the pension credit.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of dismissal and affirm. *Williams v. Gerber Products Co.*, 552 F.3d 934, 937 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, Krzyminski must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Count 1 alleges that the County violated USERRA § 4318 by failing to give Krzyminski pension service credit for his military leave time and by failing to notify him of the make-up payment requirement. But the County had no obligation to take either of these actions, and therefore Count 1 fails to state a claim upon which relief can be granted.

Spokane County had no obligation to give Krzyminski pension service credit because Krzyminksi failed to pay the required make-up contributions within five years. Section 4318 requires employers to apply pension credit for military leave time only when certain conditions are met, including the condition that the employee pay make-up contributions within five years. *See* 38 U.S.C.

2

§ 4318(b)(2); *see also* 20 C.F.R. § 1002.262(c) ("If the employee's plan is contributory and he or she does not make up his or her contributions . . . , he or she will not receive the . . . accrued benefit attributable to his or her contribution."). Although Krzyminski argues that pension service credit is not an "accrued benefit" and is therefore not contingent on the make-up payments, the regulations are to the contrary. *See* 20 C.F.R. § 1002.261 ("[A]ccrued benefit will be increased for the period of service once he or she is reemployed and, if applicable, has . . . made any employee contributions that may be required to be made under the plan."). Because the pension service credit is contingent on the make-up payments, which Krzyminski did not pay, the County had no obligation to provide the credit.

The County likewise had no obligation to notify Krzyminski of the make-up payment requirement. Krzyminski argues that the County's obligation to "allocate" its make-up contribution for the employee implies an obligation to notify the employee of the requirement. 20 C.F.R. § 1002.261. Even if that inference were valid, the argument fails because in this instance, the allocation obligation does not apply. The allocation obligation applies only when the retirement plan is a "defined contribution plan." 20 C.F.R. § 1002.261. The plan here—"PERS 2"—is instead a "defined benefit plan." *See* 38 U.S.C. § 4318(a); 20 C.F.R. § 1002.260; *Probst v. Dep't of Retirement Sys.*, 271 P.3d 966, 967 (Wash. App. 2012) (describing PERS 2 as a "defined benefit plan"). Because

3

the County had neither an obligation to provide the pension service credit nor an obligation to provide notice of the make-up payment requirement, Count 1 fails to state a claim and was therefore properly dismissed by the district court.[1]

Count 2 alleges that the County's failure to give pension service credit also violated USERRA §§ 4312–4313. But because sections 4312 and 4313 impose no such obligation on the County, Count 2 was properly dismissed. Sections 4312 and 4313 provide that a returning servicemember employee must be returned to the seniority, status, and pay-rate that the employee would have obtained but for the military leave. Krzyminski argues that the term "seniority" includes pension service credit. Krzyminski asserts that by declining to give him pension service credit, Spokane County failed to return him to his proper position of "seniority." This interpretation of sections 4312 and 4313 is untenable because it would render meaningless a separate section of the statute—4318—which lays out how to obtain pension service credit. *See* 38 U.S.C. § 4318(a)(1)(A) ("[T]he right to pension benefits of a person reemployed under this chapter shall be determined under this section."). Because the term "seniority" in sections 4312 and 4313 does not encompass pension service credit, the County did not violate the provision by

---

[1] Krzyminski also argues that the district court's dismissal of this count was error because it relied on state law even though USERRA § 4302(b) explicitly supersedes any state law that limits its rights and benefits. This argument is unavailing. The district court noted state law, but did not rely on it.

failing to provide such credit.

Count 3 alleges that the County also violated section 4334, but section 4334 only requires an employer to post a notice written by the Secretary of Labor "where employers customarily place notices for employees." 38 U.S.C. § 4334(a),(b). Krzyminski does not allege that the County failed to post the notice, and therefore Count 3 was properly dismissed.

Citing to *Imel v. Laborers Pension Tr. Fund for N. California,* 904 F.2d 1327, 1330–1331 (9th Cir. 1990), Krzyminski urges this court to read the statute liberally. But even on a liberal reading, no obligation of the County to provide the pension credit and to provide notice of the make-up payments can be found.

**AFFIRMED.**