**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANA WEISS, | No. 19-55841 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-01130-JLS-GJS |
| v. | |
| TRADER JOE'S | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine Staton, District Judge, Presiding

Submitted February 12, 2021**
Pasadena, California

Before: TALLMAN, CALLAHAN, and LEE, Circuit Judges.

Dana Weiss appeals from the dismissal of her putative class action lawsuit challenging Trader Joe's "Alkaline Water + Electrolytes" water bottles. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal for failure to state a claim, and we review for abuse of discretion the denial of leave to amend.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.

1.      Trader Joe's "Alkaline Water + Electrolytes" features various statements on the bottle, including "ionized to achieve the perfect balance," "refresh & hydrate," and holographic plus signs. Weiss claims that those statements as well as other similar ones in Trader Joe's online newsletter misled her into believing that the water balances her internal bodily pH and provides superior hydration compared to other beverages.

2.      The district court properly dismissed the consumer protection claims. Claims under the Unfair Competition Law, the False Advertising Law, and the Consumer Legal Remedies Act are all governed by the reasonable consumer standard. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Under the reasonable consumer standard, a plaintiff must show "that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled" by the challenged statements. *Lavie v. Procter & Gamble Co.*, 129 Cal. Rptr. 2d 486, 495 (Cal. Ct. App. 2003).

We agree with the district court's well-reasoned analysis of the challenged statements. A reasonable consumer would not interpret any of the challenged representations to suggest either internal pH balancing or superior hydration. When considered within the context of the water bottle packaging as a whole, the phrase "ionized to achieve the perfect balance" clearly refers to the water itself being

2

balanced. No reasonable consumer would interpret that statement to mean that the water itself will balance the consumer's own pH levels. *See Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995) (explaining that product packaging should be examined in its full context because it would be unreasonable to cherry-pick discrete statements to prove deception). Simply put, a reasonable consumer does not check her common sense at the door of the store. The rest of the challenged statements either constitute true expressions about the hydrating capability of water or are otherwise nonactionable puffery. *See Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) (summarizing puffery standard).

3.    The district court also properly dismissed the breach of warranty claims. Although the reasonable consumer standard technically does not apply to the warranty claims, those claims still require some sort of actionable representation. *Weinstat v. Dentsply Int'l, Inc.*, 103 Cal. Rptr. 3d 614, 626 (Cal. Ct. App. 2010). Here, Weiss premises her warranty claims on the exact same representations as her consumer protection claims. Nothing in the labeling or advertising promises that the alkaline water will help consumers achieve a perfect balance or provide superior hydration. Thus, we affirm the district court's dismissal of the breach of warranty claims.

4.    Finally, the district court did not abuse its discretion in dismissing the complaint without leave to amend because the complaint here cannot be saved by

3

amendment. "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) (citation omitted).

**AFFIRMED.**